RAYMOND *v.* WILLIAMS *et al.*

DEPOSITIONS.—Depositions can not be taken during the term of the Court in which the cause is pending without the agreement of the parties, and, if taken without such agreement, they may be suppressed.

SAME.—Where a notice to take depositions recites that the taking will be commenced on a certain day, and continued from day to day thereafter until completed, an adjournment for a longer time will be unauthorized, and will subject the depositions so taken to suppression, unless the opposite party appear and waive such objection.

APPEAL from the *Wayne* Circuit Court.

DAVISON, J.—The appellees, who were the plaintiffs, sued *Raymond* upon a note, for the payment of 304 dollars. The note was payable to *George Murphy*, who, by indorsement, assigned it to the plaintiffs, by the style of "*Williams, Murphy* and *Benedict.*" The Court tried the issues, and found for the plaintiffs, and, having refused a new trial, rendered judgment, &c.

It appears, in the record, that the plaintiffs notified the defendant that they would, on the 29th of *January*, 1863, between the hours of 9, A. M. and 4, P. M., at the office of *William C. Ward*, No. 29 *Wall* street, in the city of *New York*, proceed to take the depositions of *George Murphy* and others, and continue from day to day until all were taken, &c. On the 29th of *January*, the day named in the notice, the plaintiffs proceeded at the place designated, before a notary public, to take the depositions, and, having continued therein for some time, the further taking was adjourned to the 2d of *February*, when it was completed. The defendant was not present on any of the above named days.

The defendant moved to suppress the depositions thus taken, on two grounds:

VOL. XXI.—16.

Raymond *v.* Williams et al.

1. The depositions were taken during term of the *Wayne* Circuit Court, without the agreement of the defendant.

2. The examination of witnesses was not continued from day to day, but adjourned from the 29th of *January*, 1863, to the 2d of *February*.

The code says: "In all actions, depositions may be taken by either party in vacation, immediately after the service of the summons, without any order of the Court, and in term time, by the agreement of the parties." 2 R. S. G. & H. p. 175, sec. 250. Here the depositions were taken on the 2d day—first *Monday*—of *February*, 1863, which was during the term of the Court in which this action was pending; and no agreement, that they might be taken in term time, existed between the parties. It is, therefore, evident, that the taking of these depositions, without such agreement, was in conflict with an essential requirement of the statute.

The second ground of objection is equally well taken. The plaintiffs, having notified the defendant that they would continue from day to day, were bound to comply with the terms of the notice; and the adjournment, in this instance, from the 29th of *January* to the 2d of *February*, being unauthorized, the depositions were inadmissible as evidence in the cause. The motion to suppress should have been sustained.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Develin & Johnson*, for the appellant.

*Peelle & Wilson*, for the appellees.