HENDRY *v.* HENDRY and Another.

PRACTICE.— *Complaint.*—*Paragraphs.*—Where a paragraph of a complaint is double, the remedy is by motion to compel the plaintiff to separate the causes of action into paragraphs and to number them; and not by motion to strike out part of the complaint.

PARTNERSHIP.—*Suit Between Partners.*—*Set-Off.*—An unliquidated demand growing out of unsettled copartnership accounts may, the partnership having been dissolved, be pleaded as a set-off in a suit between the members of the late firm; but the plea must show a balance due the defendant growing out of the entire partnership transactions.

PRACTICE.—*Supreme Court.*—*Deposition.*— *Order to Take.*—No question can be made in the Supreme Court upon an erroneous order of the court below to take a deposition, if the deposition was not taken and read in evidence.

APPEAL from the Steuben Circuit Court.

GREGORY, J.—The complaint consists of one paragraph, for goods sold and delivered, money borrowed, and money paid, laid out, and expended, accompanied by a bill of particulars. The appellant moved to strike out that part of the complaint for money borrowed, and money paid, laid out, and expended. The court below overruled the motion, and this is complained of as error. If a paragraph of a complaint is double, the remedy is by motion to compel the plaintiff to separate the causes of action into paragraphs, and to number them. The motion to strike out was properly overruled.

The appellant answered in seven paragraphs. Issues were taken on five; a demurrer was sustained to the sixth; and the seventh was stricken out on motion. The latter paragraph is no part of the record. The bill of exceptions does not set it out, but simply excepts to the action of the court.

The sixth paragraph, to which the demurrer was sustained, avers, that, in 1865, the plaintiffs and defendant went into partnership for the purpose of buying and selling produce, stock, and general merchandize; that they continued the partnership for about two years, when it was dissolved; that the defendant when he went into the partnership put into the firm a span of horses and a two-horse wagon, at a

stipulated price; that the firm had sold the property thus put in at a profit, and had realized the money, and had wholly failed to account to the defendant therefor. There is no allegation as to the condition of the partnership.

It is true, as ruled in *Irish* v. *Snelson*, 16 Ind. 365, that an unliquidated demand growing out of unsettled copartnership accounts may, the partnership having been dissolved, be pleaded as a set-off. But the plea to be good must show a balance due the defendant growing out of the entire partnership transactions.

The horses and wagon became partnership property; the right of the defendant was to have a general accounting, and the payment of any sum found due him on an adjustment of the partnership. The paragraph is defective in not showing that there would be any general balance due the defendant on such accounting.

It is claimed that the court erred in making an order to take the deposition of one of the plaintiffs in term. It does not appear that the deposition was taken. The order was harmless unless the deposition was taken and read in evidence. In *Raymond* v. *Williams*, 21 Ind. 241, cited by counsel, the motion was to suppress. That is the proper mode to raise the question.

Judgment affirmed, with costs and five per cent. damages.

*J. I. Best, J. A. Woodhull,* and *W. G. Croxton,* for appellant.