The Wabash, St. Louis and Pacific Railway Company *v.* Rooker *et al.*

No. 10,545.

THE WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY
*v.* ROOKER ET AL.

PLEADING.— *Practice.— Harmless Error.*—That a paragraph of complaint contains more than one cause of action, justifies a motion to require them to be stated separately; but to overrule the motion is not available error.

RAILROADS.—*Killing Stock.— Pleading.— Demurrer.— Practice.— Evidence.— Jurisdiction.*—A paragraph of complaint against a railroad company for killing stock, contained two causes of action, of one of which the court had no jurisdiction.

*Held,* that a demurrer, for want of facts, did not reach the defect.

*Held,* also, that evidence in support of the cause of action of which the court had no jurisdiction should have been excluded on objection.

SAME.—A complaint under the statute, R. S. 1881, section 4025, against a railroad company for killing stock, which avers that the act was done by "the defendant, or some lessee thereof, or other person unknown to the plaintiff," is bad on demurrer.

From the Hamilton Circuit Court.

*N. O. Ross* and *G. E. Ross,* for appellant.

*T. J. Kane* and *T. P. Davis,* for appellees.

MORRIS, C.—The appellees sued the appellant to recover damages for two horses claimed to have been injured, and eight sheep alleged to have been killed, by the locomotives and cars of the appellant, in Hamilton county, at a point on its road where it was not securely fenced. The complaint contains two paragraphs.

The appellant moved the court to require the appellees to separate the several causes of action contained in the second paragraph of the complaint. The motion was overruled. The appellant demurred to each paragraph of the complaint. The court overruled the demurrers. It then answered by a general denial. The cause was submitted to the court for trial. Finding for the appellees. The appellant moved the court for a new trial. The motion was overruled, and judgment rendered for appellees. The rulings of the court upon the several motions and demurrers are assigned as errors.

The Wabash, St. Louis and Pacific Railway Company *v.* Rooker *et al.*

It is alleged in the second paragraph of the complaint, that on the 26th day of March, 1882, eight sheep, the property of the appellees, were killed on the appellant's road by its locomotive and cars, at a point where the road was not securely fenced, etc.; that on the — day of June, 1882, two horses belonging to the appellees were wounded and injured on the appellant's road, etc.; that the animals so killed and injured were of the value of $300. A bill of particulars is filed with this paragraph, in which the value of the sheep is stated to be $25, and the damage on account of the injuries to the horses is stated at $275.

It is clear that this paragraph contains two distinct causes of action. *Jeffersonville, etc., R. R. Co.* v. *Brevoort*, 30 Ind. 324; *Toledo, etc., R. W. Co.* v. *Tilton*, 27 Ind. 71. The motion of the appellant to require the appellees to state separately the two causes of action contained in this paragraph should have been sustained. But the error was harmless, and can not avail the appellant. See section 341, R. S. 1881; *Rennick* v. *Chandler*, 59 Ind. 354; *Coan* v. *Grimes*, 63 Ind. 21.

The appellant insists that the demurrer to the second paragraph of the complaint should have been sustained, because two causes of action are joined in that paragraph, as to one of which the court had no jurisdiction. The ground of demurrer stated is the want of sufficient facts to constitute a cause of action. Assuming, as the argument seems to, that the paragraph contains facts sufficient to constitute two distinct causes of action, the demurrer should be overruled, for the obvious reason that the paragraph does contain sufficient facts. We do not think the demurrer raises the question which counsel insist upon. If, as the appellant contends, the court had no jurisdiction of one of the causes of action the ground of demurrer, to raise the question, should have been the want of jurisdiction, or the question might have been raised by objecting to the evidence introduced on the trial in

support of the cause of action of which the court had no juris-diction. *Jeffersonville, etc., R. R. Co. v. Brevoort, supra.*

The appellant further contends that the complaint is fatally defective, because neither paragraph shows that the appellant, its assignee or lessee, or a receiver in possession of the road, or any one else for whose conduct it is responsible, was operating or controlling the locomotive or cars which are alleged to have struck said animals at the time the accident occurred.

After stating that the animals were injured on the appellant's track by a locomotive and cars comprising a freight train, the second paragraph, which is, in this respect, the same in substance as the first, proceeds as follows: "And said locomotive and train of cars, and each of them, were at the time of said respective accidents being run and controlled by said defendant, or some lessee thereof, or other person unknown to the plaintiffs."

There is no direct allegation in either paragraph of the complaint that the lessee, or other person unknown to the appellees, was at the time of said accidents running and operating said road in the name of the appellant, nor in what name it was then run and operated.

Section 4025, R. S. 1881, is as follows: "Any railroad corporation, lessee, assignee, receiver, and other person or corporation, running, controlling, or operating any railroad into or through this State, shall be liable, jointly or severally, for stock killed or injured by the locomotives, cars, or other carriages run on such road, in the name in which the road was run or operated at the time, to the extent and according to the provisions of this act."

It was not the intention of the above section to make railroad companies liable for the acts of parties who, without their authority or consent, take possession of their roads and run and operate them.

In view of the franchises and privileges granted to railroad companies by the State, it is perhaps reasonable and

just to hold them responsible for the acts of their lessees, assignees and receivers who are appointed with their implied, if not express, consent, and for the acts of such other parties as may run, operate or control their locomotives, cars, etc., with their consent, either express or implied.    But to hold a railroad company liable for the acts of a party unknown to it, a mere trespasser it may be, would be as unjust as it would be unreasonable.  *Cincinnati, etc., R. R. Co.* v. *Paskins,* 36 Ind. 380.

It is alleged in the complaint that either the appellant, some lessee of its road, or some person unknown to the appellees, run the locomotives and cars against their property, to their damage.    But which of these parties run the locomotives and cars and did the wrong—whether it was the appellant, the lessee of its road, or the unknown party, is not averred.    It follows that there is no allegation in the complaint that the appellant, or any one for whose acts it is responsible, did any wrong to the appellees.    Such an averment is essential to the appellees' claim.    The very essence of their right to recover is, that the appellant, or some one for whose acts it is liable, caused the injury of which they complain.    This should have been averred directly and positively.

It is said that the words " or other person unknown," etc., should be regarded as surplusage, and that they might have been stricken out on motion.  As well might the court strike out the statement that the locomotive was at the time run by the appellant or by some lessee of the road, leaving the simple allegation that the locomotive was at the time run and controlled by some person unknown.  We do not think the phrase "by some person unknown to the plaintiffs" can be regarded as surplusage.  Thus to regard it would be to give an entirely new meaning to the complaint.

We also think that this defect in the complaint can be reached by demurrer.  The alternative averments neutralize each other, so that there is, in effect, an absence of any alle-

gation that the appellant had in any way injured the property of the appellees. We think the court erred in overruling the demurrer to the complaint.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at appellees' costs.