## SHAW ET AL. *v.* AYERS.

[No. 2189.    Filed May 26, 1897.]

APPEAL AND ERROR.—*Waiver of Errors.*—Errors assigned but not discussed in brief are waived.    *p. 615.*

PLEADING.—*Motion to Paragraph, When Properly Overruled.*—A motion to require plaintiff to separate his complaint into paragraphs is properly overruled, where it states a cause of action for damages on account of fraudulent representations in regard to property bought, and also charges defendants with conversion but does not state facts sufficient to constitute a cause of action for conversion.    *pp. 617, 618.*

APPEAL AND ERROR.—*Motion to Paragraph, not Available Error.*—The overruling of a motion to paragraph a complaint is not available error.    *p. 618.*

From the Montgomery Circuit Court. *Affirmed.*

*M. M. Bachelder,* for appellants.

*Jere West* and *George Harney,* for appellee.

HENLEY, J.—This action in the lower court was by the appellee against appellants. The complaint was in one paragraph.

Appellants' counsel discuss but one alleged error of the lower court. Under the oft repeated decisions of this court, the other errors, if any, assigned, but not discussed, are waived.

It is contended by counsel for appellants that the "trial court below erred in overruling appellants' motion requiring appellee to separate his complaint into paragraphs." No objection is made by counsel for appellee to the sufficiency of the assignment of errors.

We think it is necessary and essential to a proper understanding of the question involved and argued by counsel, to set out in this opinion a copy of the complaint under which such question arises. Omitting the formal parts, it is as follows:

"Plaintiff complains of the defendants and says, that on or about the 23d day of October, 1894, the defendants were the owners of a stock of merchandise, consisting of groceries, queensware, and fixtures for conducting such a business, in the town of Ladoga in said above State and county, and that said stock of goods was of the probable value of $600.00. And plaintiff further avers that the defendants, by gross misrepresentations and by false and fraudulent means, represented to plaintiff that the said stock of groceries were of the value of $1,500.00, which statements and representations the defendants well knew were false, and that the said stock of goods were only of the value of $600.00.

"And plaintiff further avers he was not acquainted with such business and was unaccustomed to judge of the value of such articles and stock, and was ignorant of the true worth of the same, but that the defendants were accustomed to dealing in such articles and were skilled in such business and well acquainted with the value of the same. And plaintiff having great confidence in the defendants and relying on the representations made to him by them, was thereby induced to purchase a one-half interest in said stock of goods for $700.00, paying to the defendants $400.00 in cash and giving his promissory note for $300.00, secured by chattel mortgage on the one-half interest in said stock of goods, to be paid on the 24th day of April, 1895, and plaintiff further avers that he entered into the possession of said stock pursuant to their agreement and sale, and that after learning something of the nature of the said business, he learned of the fraud and deceit practiced by defendants on him, but relying on their statements that it would be adjusted when the mortgage became due, and relying on the statements that there were other goods due them from the wholesale houses he continued in said business with them.

"That on or about the 11th day of May, 1895, the defendants, by false allegations and fraudulent means, obtained from plaintiff the key to the storeroom where said business was conducted and forcibly and without plaintiff's consent locked the same and refused his admission to the same, but took the same and converted them to their own use.

"On account of said fraudulent sale and misrepresentations and forcible detention of property, and for the loss of his time and money, the plaintiff has been damaged in the sum of one thousand dollars.

"Wherefore, plaintiff demands judgment for one thousand dollars, and other relief."

It will be seen by the complaint and the prayer for relief thereunder, that the pleader manifestly intended that the same should be an action for damages on account of fraudulent representations in regard to the property bought. That the complaint does this, is not controverted by appellants, but it is contended that an additional cause of action is stated in the complaint, in that it charges the appellants with conversion. If sufficient material facts are stated in the complaint upon which an issue could have been formed, and appellants tried for conversion of appellee's goods, then appellants' contention might be well founded, under the earlier decisions.

In the case of *Booher* v. *Goldsborough*, 44 Ind. 490, the Supreme Court adopted the rule deduced from Stephens, "That to render a pleading double, there must be in substance two good causes of action or defense. The matter must be so pleaded that issue may be taken on it; and as issue cannot be taken on matter that is immaterial, such matter will not bring a pleading within the rule against duplicity." Also, see *Hendry* v. *Hendry*, 32 Ind. 349; *Swinney* v. *Nave*, 22 Ind. 178.

In the case of *Hervey* v. *Parry*, 82 Ind. 263, the Supreme Court reversed the judgment of the lower court because the lower court overruled the motion of the plaintiff to require the separation of defendant's answer into three paragraphs.

Under the rule as adopted by the Supreme Court in *Booher* v. *Goldsborough, supra,* the contention of appellant cannot be maintained because the allegations in the complaint as to conversion are immaterial, and do not go far enough to state a sufficient cause of action upon which an issue could be made. Many of the

essential averments of an action for conversion are entirely absent and no damages are demanded therefor. But the error is not available for another reason which counsel for both appellee and appellant seem to have overlooked. The Supreme Court in the case of *Wabash, etc., R. W. Co.* v. *Rooker*, 90 Ind. 581, said: "That a paragraph of complaint contains more than one cause of action, justifies a motion to require them to be stated separately; but to overrule the motion is not available error."

In the case of *Mansfield* v. *Shipp*, 128 Ind. 55, the Supreme Court following the rule announced in *Wabash, etc., R. R. Co.* v. *Rooker, supra,* said: "It is held not to be error to overrule a motion to require the plaintiff to separately state and number his causes of action, when more than one is stated in a paragraph." And in the late case of *Richwine* v. *Presbyterian Church, etc.,* 135 Ind. 80, the Supreme Court, in an opinion by Howard, J., says: "Whether the motion to separate the complaint into paragraphs should have been allowed, need not be inquired into. The error, if any, was harmless; and, in any case, could not avail on appeal."

The three last mentioned cases were decided without overruling or criticising the former opinions of the court. It is manifest that there is a conflict between the earlier and the recent decisions. This, however, does not help appellants, for from whichever way viewed there was no error in overruling the motion.

Judgment affirmed.