## CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. WASSON ET AL.

[No. 4,399. Filed April 10, 1903. Rehearing denied April 22, 1904. Transfer denied June 7, 1904.]

RAILROADS.—*Injury to Stock.*—*Pleading.*—A complaint against a railroad company for stock killed alleging that the cattle "were run against by a locomotive and cars managed by said defendant's servants" is insufficient in not alleging that defendant ran its locomotive, or ran against plaintiff's cattle. *pp. 317–320.*

APPEAL AND ERROR.—*Demurrer.*—*Order-Book Entry.*—Under ¿662 Burns 1901 the sufficiency of a complaint is presented on appeal though the demurrer thereto is shown only by order-book entry. *p. 320.*

Cleveland, etc., R. Co. v. Wasson.

RAILROADS.—*Injury to Stock.*—*Pleading.*—*Statute.*—Sections 5312 and 5313 Burns 1901 construed together can not be held to mean that a railroad corporation, or a lessee, assignee, receiver, or other person or corporation controlling or operating the railroad can be held liable for damages occasioned by the killing of stock by a locomotive or car run and operated by a mere trespasser. *pp. 320, 321.*

From Superior Court of Marion County (60,060); *J. M. Leathers,* Judge.

Action by John F. Wasson and another against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiffs, defendant appeals. *Reversed.*

*J. T. Dye, B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellant.

*J. E. McCullough,* for appellees.

COMSTOCK, J.—Appellees brought this action against appellant to recover damages for killing and injuring stock at a place in Marion county where it is claimed the appellant was bound, under the statute, to maintain fences and cattle-guards. Appellees recovered judgment for $500. The overruling of appellant's demurrer for want of facts to the complaint, and its motion for a new trial are assigned as error.

The complaint, omitting formal parts, is as follows: "That on the 16th day of September, 1899, and at the time of the injury of the cattle herein complained of, said defendant had neglected and failed to construct or maintain a cattle-guard where the said highway, used by the public as aforesaid, crossed the said railroad, and had failed so to fence said railroad at said point as to prevent cattle from wandering thereon; that on the 16th day of September, 1899, the plaintiffs owned and were possessed of thirty-six head of cattle, of the value of $40 per head, which cattle then and there, by reason of said defendant's failure to construct or maintain a cattle-guard at said crossing, went upon the line of railroad at said crossing in Marion county,

Indiana, and were run against by a locomotive and cars managed by said defendant's servants, and seventeen head of said cattle were thereby killed, and nineteen head were thereby so injured and crippled as to be rendered entirely worthless, all in said county, and without any fault on plaintiffs' part, to the plaintiffs' damage in the sum of $1,440."

The objection urged to the complaint is that it does not aver that the defendant ran its locomotive, or ran against the plaintiffs' cattle. It alleges that they were run against by a locomotive and cars managed by said defendant's servants, and thereby injured and killed. In *Wabash, etc., R. Co.* v. *Rooker,* 90 Ind. 581, the averment in question is held to be essential; the court using the following language: "Such an averment is essential to the appellees' claim. The very essence of their right to recover is, that the appellant, or some one for whose acts it is liable, caused the injury of which they complain. This should have been averred directly and positively." The complaint before us does not contain such averment, directly or by recital.

In *Pittsburgh, etc., R. Co.* v. *Adams,* 25 Ind. App. 164, this court said, by Black, J.: "It may be difficult to determine whether upon the facts of a particular case a servant was acting within the scope of his employment, or was acting upon his own responsibility, and not in his capacity of servant; but we are not here passing upon the effect of evidence; we decide nothing upon the question whether or not the servant who misled the appellee was in fact acting at the time within the scope of his employment. The question before us is one relating to pleading, and it can not be doubted that, however the matter may take shape through the evidence, the pleading must so connect the master with the act or omission of the servant that it may be seen from the averments that the master is liable because the servant represented him in the doing of the wrong. Whatever may be true with reference to drawing infer-

ences from evidence, and however improper it may be for the court to interfere with the decision of questions of fact within the province of the jury, the pleadings are within the supervision of the court alone, and the question as to the sufficiency of a pleading must be decided as a question of law. In deciding upon a demurrer the meaning of a pleading must be gathered from what is expressed therein. It can not be held that one is responsible for a wrong simply because it was committed by one who at the time was his servant, or without a sufficient showing that the servant was acting within the scope of his employment."

In *Helfrich* v. *Williams*, 84 Ind. 553, the complaint averred: "That the defendants are partners, engaged in the operation and running of a certain sawmill; that, in the year 1880, the plaintiff was in the employ of the defendants, engaged in and about the handling of logs in and about said mill; and while so engaged in his said employment, and without any carelessness on his part, a certain employe of the defendants, not engaged in the same line of employment as the plaintiff, carelessly and negligently rolled and permitted a certain log then in said mill to roll against and upon this plaintiff with such force and violence that the plaintiff was bruised," etc. In passing upon this complaint the court said: "We deem these averments insufficient, though in a complaint before a justice of the peace, to show a cause of action. It is not alleged that the defendants were guilty of negligence; it is sought to hold them responsible for the negligence of another, and the only averment to connect them with that other is that he was their employe."

In *Wabash R. Co.* v. *Linton,* 26 Ind. App. 596, the complaint was held bad which charged the railroad company with wilfully killing plaintiff's horse, alleging that the act was done by defendants' agents and employes, without showing that the agents and employes were acting in the line of their employment or under its direction. See, also,

*Cincinnati, etc., R. Co.* v. *Voght,* 26 Ind. App. 665, and cases cited. The employes may have been acting in the line of their duty, but the question is one of pleading, and presumptions are not indulged in favor of the pleader. It should appear that the agents were acting in the line of their employment.

Appellees claim that the question of the sufficiency of the complaint is not presented for the reason that the demurrer is shown only by an order-book entry. The order-book entry shows not only the filing of the demurrer, but sets it out *haec verba,* with the names of the attorneys signed thereto. Order-book entries are an essential part of the record. Under §662 Burns 1901, §650 R. S. 1881, all papers pertaining to the cause, and filed therein, with certain stated exceptions, are to be deemed a part of the record. This order-book entry is set out in the transcript with the complaint. We can not concur in appellees' proposition. The complaint being insufficient, it is unnecessary to consider other alleged errors.

Judgment reversed, with instructions to sustain the demurrer to the complaint.

Black, P. J., Robinson and Wiley, JJ., concur. Roby, C. J.. dissents. Henley, J., absent.

## On Petition for Rehearing.

Henley, C. J.—By §5313 Burns 1901 it is provided, in effect, that whenever any animals shall have been killed or injured by the locomotives, cars, or carriages used on any railroad, running in, into, or through the State, whether the same may be or may have been run and controlled by the company, or by its lessee, assignee, receiver, or other person, the owner of the animal so killed or injured shall have a right of action against the parties named in the statute. But this section of the statute, as we understand it, does not give to the party who has suffered the damage

any new right, but merely affects the remedy; and under this section it is essential that the plaintiff show that the defendant, or some one for whose acts it is liable, caused the injury of which complaint is made. The complaint in the case at bar does not aver that the appellant caused the injury, and this counsel for appellee concede. We do not think that §§5312, 5313 Burns 1901, when construed together, can be held to mean that a railroad corporation·or a lessee, assignee, receiver, or other person or corporation controlling or operating the railroad, can be held liable for damages occasioned by the killing of stock by a locomotive or car run and operated by a mere trespasser. The object of the statute was to give the claimant a right of action against one, or all of the parties named therein, so that the claimant might not be compelled to inquire into the relative rights or liabilities of the parties, created by contract or arrangement between themselves. But as a matter of pleading, whichever party the claimant seeks to charge with the damages inflicted must be charged directly and positively with having caused the injury of which he complains.

We believe the case of *Wabash, etc., R. Co.* v. *Rooker,* 90 Ind. 581, is controlling in the case at bar.

The petition for a rehearing is overruled.

Wiley, P. J., Comstock, Black, and Robinson, JJ., concur. Roby, J., absent.