## TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* PHILLIPS.

[No. 7,530. Filed March 14, 1912.]

1. APPEAL.—*Complaint.—Demurrer.—Waiver of Ruling.*—Where defendant demurred to a paragraph of complaint and then answered and proceeded to trial without a ruling thereon, no question can be presented thereon on appeal. p. 644.

2. RAILROADS.—*Injury to Stock.—Complaint.—Scope of Employment.*—A paragraph of complaint against a railroad company for killing live stock on its right of way which alleges the negligent running of defendant's car by its servants, without averring that it was done by them in their regular line of employment, is sufficient where it is further alleged that defendant "then and there controlled, operated and managed the cars which were run upon the said railroad." p. 645.

3. APPEAL.—*Complaint.—Ruling on Demurrer.—Harmless Error.*— The overruling of a demurrer to a paragraph of complaint was harmless and the sufficiency of such paragraph will not be determined on appeal where it clearly appears that the finding was based on other paragraphs which were good. p. 646.

4. RAILROADS.—*Interurban.—Injury to Stock.—Fences.—Construction of Statute.*—Section 5707 Burns 1908, Acts 1903 p. 426, does not relieve an interurban railroad company from liability for stock killed upon its right of way within the time therein fixed for fencing same, but should be construed as furnishing the owner of such stock an additional remedy by imposing upon the company the duty of fencing its tracks within a given period. p. 646.

From Putnam Circuit Court; *John M. Rawley,* Judge.

Action by Olney W. Phillips against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter, W. W. Latta, M. E. Foley, Thomas T. Moore,* for appellant.

*S. A. Hays,* for appellee.

HOTTEL, J.—Appellee brought this action to recover damages for the killing of three of his mules on the track of appellant's right of way. The cause was tried by a jury, which returned a verdict in favor of appellee in the sum of $180, together with certain interrogatories and answers thereto. In presenting this appeal, appellant relies for reversal on the alleged error of the court (1) in overruling the several demurrers to the first, second and third paragraphs of the complaint; (2) in overruling appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict.

So far as appears from the record in this case, the trial court never ruled on appellant's demurrer to the first paragraph of complaint, but appellant answered and proceeded to trial without such ruling. It cannot now present any question thereon. *Morrison* v. *Ross* (1888), 113 Ind. 186; *Washburn* v. *Roberts* (1880), 72 Ind. 213; Elliott, App. Proc. §682.

The second paragraph of complaint, omitting the formal parts, is in substance as follows: On October —, 1907, defendant was a corporation duly organized under the laws of the State of Indiana, and was engaged in operating, controlling and managing a certain railroad, extending from the city of Indianapolis to the city of Terre Haute in said State, in and through Putnam county in the State of Indiana, and then and there controlled, operated and managed the cars which were run upon said railroad. The plaintiff says that at said time said defendant had neglected and failed to construct and maintain sufficient fences along the line of said railroad to turn stock or to prevent stock from entering on the right of way and track of said railroad; that on said day plaintiff owned and was possessed of three

NOVEMBER TERM, 1911.    645

Terre Haute, etc., Traction Co. *v.* Phillips—49 Ind. App. 643.

mules, each of the value of $125, which mules then and there, on said date, by reason of the failure by said defendant so to fence said railroad, strayed upon the track of said railroad, and were then and there, while so on said track, struck, injured and killed by the cars of defendant, then and there being run and operated by the servants and employes of defendant, without any fault on the plaintiff's part, to the plaintiff's damage in the sum of $400; that said track and said right of way of said defendant at the place where said mules so entered on said track and right of way, and were so struck, injured and killed, was not securely fenced in, and that said mules were so struck, injured and killed in the said Putnam county.

Appellant insists that this paragraph is insufficient, because it "alleges the negligent running of defendant's car by its servants," without averring that it was done by them while in the regular line of their employment, and in support of its contention cites the case of *Cleveland, etc., R. Co.* v. *Wasson* (1904), 33 Ind. App. 316, in which an allegation that plaintiff's cattle "were run against by a locomotive and cars managed by said defendant's servants" did not charge defendant with liability. In the case at bar, however, it is further alleged that appellant "then and there controlled, operated and managed the cars which were run upon the said railroad." A similar combination of averments to those contained in this second paragraph was held sufficient in the case of *Cleveland, etc., R. Co.* v. *Van Natta* (1909), 44 Ind. App. 608, in which the authority of the case of *Cleveland, etc., R. Co.* v. *Wasson, supra,* is doubted by Roby, J., in a concurring opinion, in which he says: "I concur in the main opinion, and regard it as in conflict with and corrective of the reasoning which forms the basis of what is said as to this point in *Cleveland, etc., R. Co.* v. *Wasson* (1904), 33 Ind. App. 316." To the same effect are the following cases: *Chicago, etc., R. Co.* v.

*Stepp* (1909), 44 Ind. App. 353, 357; *Baltimore, etc., R. Co.*
v. *Dickey* (1909), 43 Ind. App. 509; *Indianapolis St. R. Co.*
v. *Schmidt* (1904), 163 Ind. 360.

The third paragraph of appellee's complaint attempts to
charge appellant with a common-law liability for negligence,
but we need not determine the sufficiency thereof,
3.  since it clearly appears from the answers to inter-
rogatories that the jury based its finding on the first
and second paragraphs. As these paragraphs are good,
error, if any, in overruling a demurrer to the third
paragraph was harmless. *Pittsburgh, etc., R. Co.* v. *Sudhoff*
(1910), 173 Ind. 314, 321; *Conner* v. *Andrews Land, etc.,*
*Co.* (1904), 162 Ind. 338, 345; *Cincinnati, etc., R. Co.* v.
*Cregor* (1898), 150 Ind. 625, 627.

The only other error urged by appellant is the overruling
of the motion for judgment on the answers to interrogatories
notwithstanding the general verdict. The fourth in-
4.  terrogatory specifically found that appellant's road
in Putnam county was completed less than a year
previous to the killing of appellee's mules, and it is con-
tended that such fact relieves appellant from liability under
§5707 Burns 1908, Acts 1903 p. 426, which allows to an
interurban railroad company one year from the date of com-
pleting any given part of the line in which to fence it in
such a manner as to turn stock from its tracks. This stat-
ute substantially reënacted, as applied to interurban and
similar railroads, the steam railroad fencing act of 1885
(Acts 1885 p. 224, §5447 *et seq.* Burns 1908), but each act
specifically provided that it should not in any manner affect
or change the liability of railroad companies for stock killed
or injured on their rights of way. §§5450, 5710 Burns 1908,
Acts 1885 p. 224, Acts 1903 p. 426. Further, the Supreme
Court has held that the act of 1885, *supra*, did not repeal
by implication §5436 Burns 1908, §4025 R. S. 1881, which
makes railroad companies liable for injuring and killing
animals upon their tracks, where the road is not, but might

Cleveland, etc., R. Co. v. Stevens—49 Ind. App. 647.

have been and ought to be, fenced, without regard to the time when such road should be completed or put into operation. *Jeffersonville, etc., R. Co.* v. *Dunlap* (1887), 112 Ind. 93. The act of 1885, *supra,* took away no rights of stockowners in such cases as the one here involved, but simply provided an additional remedy by enjoining on railroad companies the duty of fencing their tracks within a given period. By analogy, the act of 1903, *supra,* relating to interurbans, must receive a similar construction.

The interrogatories are in entire harmony with the general verdict, and the trial court did not err in overruling appellant's motion for judgment thereon.

Judgment affirmed.