[Civ. No. 1463. Second Appellate District.—February 18, 1914.]

## R. W. WEBBER, Respondent, v. ALBERT HATCHER SMITH, Appellant.

EVIDENCE—PAROL AFFECTING CONTRACT FOR SALE OF BUSINESS AND GOODWILL.—Where the owner of a milk business executed a bill of sale of the vehicles and other tangible property connected therewith, this does not preclude him from proving by parol a separate contemporaneous agreement whereby the buyer agreed also to purchase the goodwill represented by the milk route for an additional sum.

ID.—INTENTION TO PUT CONTRACT IN WRITING—FAILURE TO CARRY OUT. And the fact that the parties intended to reduce such parol agreement for the sale of the goodwill to writing, but failed to do so, does not affect the validity of the agreement nor place it in the light of an incomplete transaction.

ID.—BREACH OF CONTRACT—ACCRUAL OF CAUSE OF ACTION.—If the buyer of the goodwill agreed to give his promissory note for the purchase price, but afterward failed and refused to execute the note by repudiating the obligation which it was to cover, the seller may enforce his demand for the purchase price at once upon such repudiation. It then becomes immaterial whether the note was to have been made payable on demand or within a reasonable time.

ID.—VERDICT ON CONFLICTING EVIDENCE—REVIEW ON APPEAL.—The verdict of the jury on conflicting evidence will not be reviewed on appeal, although a contrary verdict would have been supported by abundant proof. The jury's verdict as to such matters is final and conclusive.

APPEAL from a judgment of the Superior Court of Los Angeles County. John L. Childs, Judge presiding.

The facts are stated in the opinion of the court.

G. A. Gibbs, for Appellant.

A. Lincoln Rowland, for Respondent.

JAMES, J.—Appeal from a judgment entered against defendant. The action was brought to recover, first, an amount of money alleged to be owing to plaintiff from defendant as the purchase price of the goodwill represented by a milk

route. There was a second cause of action which it is not
material to take notice of, as there is no controversy over
the correctness of the adjustment of the matters concerned
therein. Plaintiff testified that he sold to the defendant the
equipment and business connected with his milk route in the
city of Pasadena for the sum of four thousand dollars. A
bill of sale was proved to have been made which covered all
of the tangible property, made up of automobile delivery
wagons and a truck, milk bottles, etc., the price fixed as the
consideration therefor being the total amount of $2,625.
Plaintiff testified that the difference between the amount rep-
resented in the bill of sale and the four thousand dollars was
to be covered by a promissory note of defendant for the sum
of one thousand dollars and the balance to be paid in cash.
He testified that at the time the bill of sale was made there
was some talk about drawing a contract covering the sale of
the milk route, and that defendant said that he did not think
he could word such a contract right that evening, "but if I
could do so we would fix it up at that time; I told him that
I didn't think that I could word it right and that we would
carry it over until another time." This promissory note was
not given. It was agreed as a part of the same transaction
that the plaintiff should be employed by the defendant as fore-
man at a salary of one hundred and twenty-five dollars per
month, and pursuant to this employment he continued to
deliver milk over the same route that he had theretofore man-
aged. The defendant, when settlement was demanded of him
at a later date, denied that he had ever purchased the milk
route from plaintiff. The plaintiff, prior to the making of
the bill of sale, had been indebted to the defendant for a
large amount of milk furnished by the latter from month to
month and which charges he was unable to meet. It was
because of his inability to pay his debts that the defendant
took over the delivery equipment. The amount mentioned
in the bill of sale was about the amount of indebtedness that
was canceled by the transferring of the property therein de-
scribed. The jury sitting at the trial returned a verdict in
favor of plaintiff for the sum of one thousand dollars, which
was based upon the claim of the plaintiff as to the agreement
of defendant to pay him for his milk route.

It is contended on behalf of appellant that, as there was a writing (meaning the bill of sale) which expressed the agreement of the parties as to the sale and purchase of the delivery equipment, that the writing is presumed to include all of the matters agreed upon between the parties. It may be noted here that there was no objection made to the introduction of evidence tending to show an oral agreement in addition to and outside of that expressed by the writing, covering the matter of the sale of the milk route as separate from the delivery equipment. And even though such objection had been made and the point thus preserved, the rule adverted to would not be applicable, because the subjects dealt with in the bill of sale were distinct and separate from that about which it was claimed an oral agreement had been made. The bill of sale specified and covered the tangible property.. The intangible property was, according to plaintiff's testimony, the subject of a separate agreement which it was the intention of the parties to express in writing, but which was not reduced to that form. The mere fact that it had been the intention to make a writing covering the conditions of the sale of the milk route and that such writing had never been made, would not affect the validity of the contract as it was represented to have been made by the plaintiff, nor entitle it to be viewed in any other light than that of a completed transaction, except as to the execution of it. Plaintiff's testimony was further to the effect that a promissory note was to be given representing one thousand dollars of the balance which was to be paid to him by defendant. It does not appear that anything was said as to when this note was to mature. The defendant, at a date more than a month subsequent to the time of the alleged purchase, sold and disposed of all of the equipment purchased by him from the plaintiff, and the purchaser thereof appropriated the milk route which had formerly been the property of the plaintiff. To be sure, it was testified that this route was not pretended to be sold by the defendant to the purchaser of the equipment, but the fact was that they did appropriate it and there was some testimony tending to show that it was considered as accompanying the sale of the other property. Whether the promissory note which plaintiff testified defendant agreed to execute was to have been made payable on demand or

within a reasonable time after the date of the main transaction, becomes immaterial because, in either event, the condition was satisfied before this action was brought; and it may be added that under such circumstances, where the defendant failed and refused to execute the note by repudiating the alleged obligation which it was to cover, plaintiff would have been entitled to enforce his demand immediately upon such repudiation. The case presented is one where the jury was called upon to formulate a verdict based upon conflicting testimony. While it does appear by way of direct testimony and evidence of circumstances that had the verdict been in favor of defendant it would have been supported by abundant proof, still it is not for this court to review the questions of fact. The jury's verdict as to such matters is final and conclusive.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.