## DIME SAVINGS BANK OF HARTFORD
*vs.*
## NATHAN GATTER

Court of Common Pleas    Hartford County    File No. 42391

**MEMORANDUM FILED FEBRUARY 8, 1943.**

*Gross, Hyde & Williams,* of Hartford, for the Plaintiff.

*Samuel Steinberg,* of Hartford, for the Defendant.

Memorandum of decision in action on promissory note.

BORDON, J.   Prior to June 30, 1941, the plaintiff offered to sell its property known as numbers 399-401 Bellevue Street, Hartford, to the defendant for $2,300, of which amount $200 was to be paid in cash and the balance by a purchase-money mortgage, payable $22.27 a month for ten years. Its real estate committee, its executive committee and its board of directors, all approved the sale on that, and no other, basis. At the closing the defendant was requested to sign the note in suit, which calls for payment on demand, with the right in the defendant to make monthly payments for ten years if no demand is previously made.

The defendant objected to the signing of the note because of his understanding that it was to be payable in monthly instalments over a period of ten years rather than on demand. He was then informed by the plaintiff's assistant treasurer that it was its policy to take only demand notes, but that as long as the monthly payments and taxes on the property were kept up no demand would be made. Relying on the good faith and reputation of the plaintiff, the defendant signed the note in suit and thereafter made payments regularly until July, 1942, when the plaintiff refused to accept proffered monthly payments and brought suit for the unpaid balance of the note. It is admitted that, at the time of demand and suit, no default existed.

It is the plaintiff's claim that the court should have excluded parol evidence tending to vary the terms of the written instrument forming the basis of this suit. However, it was ruled

that in order to determine whether the written document represents the agreement of the parties resulting from their conduct and negotiations, the court should have before it all of the evidence surrounding the transaction. If the court finds that the written document integrated all intended terms and agreements and represented the final undertaking of the parties, it may treat the evidence as immaterial and legally void. The oral evidence is essential to determine whether the parol evidence rule is applicable. 9 *Wigmore, Evidence* (3rd ed. 1940) §2430; *Moran Bros. Co. vs. Pacific Coast Casualty Co.*, 48 Wash. 592, 94 Pac. 106.

Having admitted the evidence, the court must now determine its materiality and binding force.

During negotiations between the parties it was definitely agreed that an instalment mortgage was to be given in part payment. All of the plaintiff's votes refer only to such a mortgage. The adjustment sheet prepared by the plaintiff at closing recites a monthly instalment mortgage. The agreement, reaffirmed contemporaneously with the closing, reassured the defendant that the demand feature of the note was not to become effective so long as monthly payments and taxes were maintained. Under such circumstances the strict application of the parol evidence rule would defeat the unequivocal agreement and intention of the parties and give effect to an undertaking which neither party contemplated during negotiations and consummation. Such is not the function or purpose of the rule. Particularly is it so when written documents, such as votes and the adjustment sheet, supplement and confirm the verbal agreements, and explain the provision in the note itself that monthly payments may be made until entirely demanded. All of these elements combine to evidence the real agreement and intention of the parties.

It is well settled that evidence of a prior or contemporaneous parol agreement or understanding is frequently received where it is consistent with the writing in question and it is apparent that the instrument was not intended as a complete embodiment of the undertaking. If it was the intention of the parties that only part of the terms should be embraced in the writing, then the instrument is not one which is brought within the protection of the rule, and consequently evidence of the remainder of the agreement, consistent with the part which has been reduced to writing, is in no way a contradiction,

variance or alteration of the instrument. Evidence to supplement the writing and show the entire agreement will be received even though the evidence may be in reference to a different subject than that contained in the writing. Similarly, in the case of an agreement which is expressed' in two or more writings, evidence will be received to connect them for the purpose of showing the complete and full undertaking. In all cases, however, where such evidence is offered, the court will receive in evidence only such terms as are consistent with the writing, and where it satisfactorily appears that the instrument was not intended as a complete expression of the agreement. *Tompkins, Chamberlayne Trial Evidence* (1936) §848; *Webber vs. Smith,* 24 Cal. App. 51, 140 Pac. 37; *Carter vs. Griffin,* 114 Ga. 321, 40 S.E. 290; *Washburn-Crosby Milling Co. vs. Brown,* 56 Ind. App. 104, 104 N.E. 997; *Durkin vs. Cobleigh,* 156 Mass. 108, 30 N.E. 474; *Newburger vs. American Surety Co.,* 242 N.Y. 134, 151 N.E. 155; 9 *Wigmore, Evidence* (3rd ed. 1940) §2425.

The parol evidence rule does not prevent the introduction of oral evidence of an agreement separate and apart from, or collateral to, that which has been reduced to writing, even though the written contract was made contemporaneously with the oral one.

However, such oral agreement must not vary or contradict the terms of the written contract. But the two agreements may relate to exactly the same subject matter without contradicting each other.

As well settled as the parol evidence rule itself is the rule that a subsequent agreement in modification of a written instrument may be shown by extrinsic evidence, no matter how much it may vary the original instrument. *Humble, Evidence* (1934) §293.

Our Supreme Court has many times sanctioned the reception of parol evidence to vary or modify the terms of a written document in order to give effect to the intention of the parties. A learned and instructive discussion of the subject is contained in the case of *Cohn vs. Dunn,* 111 Conn. 342, in which this principle is reaffirmed.

"In the great mass of decisions in which the rule has been discussed the question always has been whether the rule was applicable to the situation presented. When found applicable

it has uniformly been enforced. The apparent exceptions to the rule are cases which do not fall within it. A collateral agreement that the writing is not to take effect until the happening of some other event, portions of an entire agreement not contained in the writing when it appears that only a portion of the agreement was intended to be reduced to writing, *and an entirely distinct contemporaneous agreement,* may all be proved by parol. *Burns & Smith Lumber Co. v. Doyle,* 71 Conn. 742, 745, 43 Atl. 483; *Fernandez vs. Thompson,* 104 Conn. 366, 369, 132 Atl. 895; *Siller vs. Philip,* 107 Conn. 612, 620, 141 Atl. 872. The admission of parol evidence in none of these cases contravenes the rule, though it may effect quite a different result than if the evidence were confined to proof of the written instrument. The fundamental question is one of the intent of the parties. Did they intend to make the writing the repository of their final understanding upon the particular matter of agreement as to which evidence is offered dehors the writing? If so, such evidence must be excluded. If, however, it appears that the parties intended to restrict the writing to specific subjects of negotiation, then other subjects may be proven 'even though they be....different from the writing.'....This intent is to be sought in the conduct and language of the parties and the surrounding circumstances." *Cohn vs. Dunn, supra,* p. 346 (italics added).

The facts in this case, the conduct and language of the parties and the surrounding circumstances all clearly evidence an intention to enter into an instalment obligation demandable only upon a default. In the absence of a default there is no cause of action.

In his counterclaim the defendant seeks a reformation of the note to coincide with the agreement found by the court, and damages. In view of his admission that he knew he was signing a demand note, the court cannot substitute a new one in its place. It can only protect him against a premature demand, and permit a collection only in accordance with the proven agreement so long as he fulfills his part thereof.

The issues on the plaintiff's complaint and the defendant's counterclaim are found for the defendant, and judgment may be entered for him to recover his costs. All other claims for relief in the counterclaim are denied.