Richwine *v*. The Presbyterian Church of Noblesville.

Filed Sept. 19, 1893.

———————————————

No. 16,270.

## RICHWINE *v*. THE PRESBYTERIAN CHURCH OF NOBLESVILLE.

ACTION.—*Pleading.—Prayer.—Joinder in.—Ejectment.—Quieting Title. —Damages.—Injunction.*—In an action to recover the possession of real estate, for quieting title to real estate, for damages, and for injunctive relief, the prayer for relief may properly embrace all of the objects sought by the action, it being the policy of the law to give a complete remedy in one suit, so far as it can be done, for all wrongs complained of, growing out of the same transaction.

REAL ESTATE.—*Disputed Title.—Improvements by Occupant.—When not Made in Good Faith.*—Where action is brought in ejectment, to quiet title, and for injunctive relief, and the defendant, after the bringing of the action, enters upon the disputed land and erects buildings thereon, he can not be said to be an occupant in good faith; he assumed the hazard, and must abide the result.

NEW TRIAL.—*As of Right.*—*When Allowable.*—When an action is substantially one for injunction and damages, the question of title being only incidentally involved, a new trial as of right can not properly be demanded.

EVIDENCE.—*Title to Land.*—*Adverse Possession.*—*Intent.*—*How Shown.* —In an action concerning title to real estate, it was not error for the court to refuse testimony of a former owner of the land owned by defendant, to the effect that he held the real estate in controversy up to a certain line, under claim of right, there being a failure to show that such claim was made to plaintiff (a church), or some officer or other person entitled to act for the church.

From the Marion Circuit Court.

*G. Shirts, I. A. Kilbourne, R. R. Stephenson* and *W. R. Fertig,* for appellant.

*F. B. Pfaff, T. J. Kane* and *T. P. Davis,* for appellee.

HOWARD, J.—The appellee alleges, in her complaint, that said church is the owner, and entitled to the possession, of a part of lot 5, in square 14, in the town, now city, of Noblesville, "beginning at a point on the west line of said lot and three feet south of the foundation and south wall of said church building, and run thence east 132 feet to the east line of said lot, thence north to the north line of said lot, thence west 132 feet to the west line of said lot, and thence south to the place of beginning."

It is further alleged "that said church has held the exclusive and adverse possession of said premises, claiming to be the owner thereof continuously for forty years."

And it is averred that the defendant, the appellant in this appeal, "is entering, and threatening to enter, on said premises, and is erecting, and threatening to erect, thereon buildings for his own use and occupancy, and that unless restrained by this court he will make excavations and erect such buildings on said premises, and will

so construct and erect the same as to shut off the light and air on the south side of said building and interfere with the use and enjoyment thereof by said members of said church, who hold, and have held, devotional and religious exercises therein for forty years last past,'' asking for damages and an injunction.

In a supplemental complaint it is alleged: ''That said defendant, since the commencement of this suit and with full knowledge of the plaintiff's rights, as above stated, has entered upon and taken possession of said real estate, although forbidden by the plaintiff so to do, and has made excavations thereon, torn down and removed fences therefrom, erected buildings, walls, and other structures thereon, for his own use and benefit and for his own exclusive occupancy,'' asking for damages and possession.

A demurrer to the complaint for improper joinder of causes of action was overruled, as was also a motion to strike out the supplemental complaint, and also a motion to separate the complaint into paragraphs, also a demurrer to the complaint for want of facts.

The answer is in four paragraphs:

1. Admitting the acts complained of, but denying that they took place on any part of said lot ''other than 26 2-5 feet off the south side thereof.''

2 and 3. The statute of limitations, and

4. The general denial.

There is also a cross-complaint, to quiet title to said ''twenty-six and two-fifths feet off the south side of lot five.''

A reply in general denial was made to the first three paragraphs of the answer, and an answer in three paragraphs to the cross-complaint:

1. Denying appellant's title to any part of said lot five ''situate and lying north of the line formerly, and

until recently, occupied by the fence that stood three feet south of, and parallel with, the south wall of the church building.''

2 and 3. The statute of limitations.

A demurrer to these paragraphs of answer to the cross-complaint was overruled, and the appellant replied in general denial.

On a trial by the court there was a finding for the appellee. A decree was entered, awarding damages in the sum of one cent, quieting the title of appellee, awarding a writ of ejectment against appellant, and enjoining the appellant from any further interference with appellee's possession and enjoyment of said real estate.

Numerous rulings on the pleadings are assigned as errors and discussed by counsel.

Whether it was error to overrule the demurrer to the complaint for improper joinder of causes is a question which it would avail nothing to decide, for the reason that the statute has expressly provided that such error, if it exist, shall not be sufficient to reverse a judgment. R. S. 1881, section 341; *Rennick* v. *Chandler*, 59 Ind. 354; *Coan* v. *Grimes*, 63 Ind. 21; *Baals* v. *Stewart*, 109 Ind. 371.

We do not think the court erred in refusing to strike out the supplemental complaint. The statute, R. S. 1881, section 399, authorizes the court to allow supplemental pleadings showing facts which occurred after the former pleadings were filed. The original complaint stated that appellant was threatening to enter upon appellee's property, and asked that he be enjoined from so doing; the supplemental complaint averred that since the filing of the first complaint the appellant had actually entered upon the premises, and asked that possession be restored to appellee.

We think the pleading was in conformity with the

statute, and that it was in harmony with the cause of action made by the original complaint.

"The office of the supplemental complaint   *   *   * is to bring upon the record such new facts, that the court may grant the proper relief upon the facts existing at the time of the final decree." *Patten* v. *Stewart*, 24 Ind. 332 (343).

In the case at bar, the additional averments in the supplemental complaint enabled the court to give to appellee a complete remedy in the final decree, the order of ejectment being based upon the facts stated in the supplemental complaint and proved upon the trial. The policy of the law is, so far as it can be done, to give a complete remedy in one suit for all wrongs complained of growing out of the same transaction, and so put an end to the litigation.

The supplemental pleading in this case, taken with the original, formed but a single complaint. This complaint was, in effect, a claim for the recovery of real property, with damages for injury to the land, and a prayer to quiet title; all of which may be united, as appears by clause five of section 278, R. S. 1881. But our courts are courts of law and equity, and while the court in this case had undoubted power to render a decree for possession, quieting title, and damages, it also had power, in the same decree, to enjoin the commission or continuance of the injury complained of. The prayer for injunction was therefore properly united with the prayer for damages, for recovery of possession of the real estate, and to quiet the title to the same. *Bonnell* v. *Allen*, 53 Ind. 130; *Field* v. *Holzman*, 93 Ind. 205; *Bishop* v. *Moorman*, 98 Ind. 1.

We think that the pleading as a whole was good, and that the motion to strike out the supplemental complaint was properly overruled.

Whether the motion to separate the complaint into paragraphs should have been allowed need not be inquired into. The error, if any, was harmless; and, in any case, could not avail on appeal. Section 341, R. S. 1881; *Wabash, etc., R. W. Co.* v. *Rooker*, 90 Ind. 581.

The answer to the cross-complaint was not bad, for the reason that it disclaimed title in the appellee to all land claimed by appellant and lying south of "the line formerly, and until recently, occupied by the fence that stood three feet south of and parallel with the south wall of the church building," and denied title in the appellant to all land north of that line. This answer, indeed, states the principal issue between the parties, and nearly the whole body of the evidence given in the case was directed to the question of the existence or nonexistence of the line of division thus referred to.

The appellant made three motions to modify the decree in accordance with the views maintained by him in his pleadings, and supported by the evidence adduced by him. The motions were severally overruled. The court found for the appellee on its pleadings, and on the evidence given in the case. This finding resulted in giving to appellee the land in dispute. To sustain the motions of appellant to modify the decree so as to give him a part of the property already found to belong to the appellee, would have been quite inconsistent. Nor can it be said, as counsel for appellant contend, that appellant acted in good faith in entering upon the disputed territory and erecting his building thereon. This entry was made and the buildings erected by him, after the filing of appellee's original complaint, and against the express prohibition of appellee. Appellant acted with his eyes open and at his own peril. He was not taken advantage of, nor unawares; but, after suit was brought to enjoin his entering upon the premises, he deliberately proceeded to

do what the court was about to decide whether he had a right to do or not. The court having decided against him, he can not now be heard to claim that he was an occupant in good faith; he took the hazard, and must abide by the result. The court, undoubtedly, took all equities of this nature into consideration, in awarding appellee's damages at one cent, for the case discloses more than nominal damages to appellee.

We think the court correctly ruled that appellant was not entitled to a new trial as of right. Where the title to real estate only is involved, as in ejectment or suit to quiet title, a new trial as of right should be awarded on motion. But where two causes of action are joined, in one of which the title to real estate is, and in the other is not, involved, the rule is different. This action was originally, and remained to the end, one for injunction and damages, in which a new trial as of right was not allowable. In the supplemental complaint, the cause of action was one for damages and the possession of real estate. Whether these causes of action were improperly joined, as appellant contends, or whether they were properly joined, the causes proceeded to judgment, and the decree adjusted all questions at issue under both causes, and, in such case, the policy of the law is not to allow a new trial as of right.

Counsel for appellant, in their very able and elaborate argument, quote the following from the case of *Wilson* v. *Brookshire*, 126 Ind. 497: "The rule is that where a cause proceeds to judgment, which embraces a substantive cause of action, in which a new trial as a matter of right is not allowable, then even though it embraces other causes in which a new trial as of right is allowable, the policy of the law is to regard that cause of action as controlling, in which a second trial as of right is

not permitted.    *Bradford* v. *School Town, etc.*, 107 Ind.
280; *Butler University* v. *Conard*, 94 Ind. 353.''

Of this statement of the rule, as given by Judge
MITCHELL, counsel for appellant say, in their brief: ''So
far as appears from the statement of facts in that case,
the statement therein made by the court was correct as
applying thereto.    It is correct as applied to a case where
two causes of action are properly joined, in which no new
trial as of right is allowable as to one of them, and where
the party otherwise entitled to a new trial acquiesces in
such joinder; and it is also correct as applied to a case
where two causes of action have been improperly joined,
and the case proceeds to judgment without objection.''

We agree with the statement of the learned counsel,
but counsel say that the rule does not apply where
causes have been·improperly joined over the objection of
the party otherwise entitled to a new trial as of right;
that ''what the learned judge meant by the statement,
'where the case proceeds to judgment,' was simply that
where such case proceeded to judgment without objection
no new trial as of right could be had.''

This contention is fully answered by the quotation in
appellant's brief from *Butler University* v. *Conard, supra:*
''The defendant has it in his power by demurrer to
prevent the misjoined causes of action from being tried
together.    If the plaintiff, by his fault, incorrectly
joins two or more claims in one action, and the defend-
ant permits the misjoined causes to go to trial together,
the unsuccessful party in the trial should not be heard to
complain because a new trial, as of right, is refused.
Either party had it in his power to have the cause of ac-
tion, in which such new trial is proper, tried by itself,
and thus, to secure, in case of an adverse judgment, the
benefit of a new trial without cause.''

It is not enough for appellant to say, in answer to

this, that the court overruled his demurrer. He could have stood upon his demurrer, refused to plead further, and thus prevented the improperly joined causes from proceeding to judgment.

But, we do not think there was an improper joinder of causes. The action was substantially one for injunction and damages, the question of title being incidental. Neither a jury trial nor a new trial as of right could be demanded. *Miller* v. *City, etc.*, 123 Ind. 196.

In the motion for a new trial for cause, four reasons are given, the first and second being that the finding and judgment are not supported by sufficient evidence, and that they are contrary to law.

The third reason given, that the court refused to permit the appellant to prove the acts and declarations of one Wallace, a member of the church congregation, in connection with a certain survey of the disputed territory, presents no question for the reason that no exception to the ruling of the court is shown in the record. Neither was it shown what acts or declarations it was proposed to prove. Nor does it appear that Wallace had any authority to speak for appellee, or to bind the church by his words or actions.

The fourth reason assigned for a new trial is that the court refused to allow a witness, Eli Shumack, a former owner of the land now owned by appellant, to prove that he held the real estate in controversy up to a certain line under a claim of right. The court refused to allow the evidence unless it was shown that the claim was made to the church or some officer or other person entitled to act for the church. We think this was right. The mere intent which a person has in mind when he does an act can not bind an adverse party to whose knowledge that claim or intent is not brought. Besides, the ruling of the court was harmless to appellant; the witness had al-

ready, over appellee's objection, answered fully as to his claim of title to the land in question.

A mass of evidence was introduced by both parties, principally to determine the location of the line dividing the lands of appellant from those of appellee. We have gone carefully over the record of nearly seven hundred and fifty pages, and are satisfied that, while there is much conflict in the testimony, yet there was ample evidence to support the finding of the court.

Appellee's claim is that, at the time of building the church, being about forty years before the bringing of the suit, and at a time when the adjacent lots were vacant and the surrounding streets and alleys not well defined, the church authorities located their lot by measurements then believed to be correct; that they placed their church building within their own ground and three feet away from appellant's land; that they built a fence around their lot, setting the fence on appellee's side only two feet and six inches from the church, or six inches from appellant's land, so that the fence might be wholly upon the church ground; that this fence so remained until about 1876 or 1877, when, by agreement with, and at the request of, Eli Shumack, then owner of appellant's land, this fence, having become dilapidated, was removed; that Shumack at the same time agreed to protect and care for the church property; and that no claim to the disputed ground was ever made by appellant, or any of those through whom he derives title, until about the time of the bringing of this suit.

The only two survivors of those who made the original measurement of the church lot, and had the partition fence built, testified to the foregoing facts; and they were corroborated by numerous witnesses who had seen the fence during the whole period that it was up, and also by the man who assisted in its removal.

Many witnesses, however, testified that no such fence ever existed; but we are of opinion that this conflict may be reconciled in a large degree by the circumstance that some witnesses testified as to what they had seen and remembered, while others, equally honest, testified as to what they had not seen or did not remember.

Several surveyors and engineers testified that there is no record now left of any monument of the original town of Noblesville. They also testified as to late surveys or measurements made from certain stones placed about twenty years before the time of the suit, but admitted that the location of those stones was only approximately correct, or rather assumed to be correct. Of course the location of lot lines and corners measured from such monuments could only be approximately correct.

It is true that in case of a survey, as provided by statute, R. S. 1881, sections 5950 to 5955, to determine and perpetuate a line or a corner, the surveyor's record, if unappealed from, would suffice. But, in this case, no record was kept of any survey; and the testimony given by the surveyors was of very little value, except to show that all the original monuments of the town have been lost.

The testimony of those who remembered where the lines and corners of the lots were originally established, and where they have since been maintained, must control. Because appellant's paper title gives him 26 2-5 feet, and appellee's calls for only 39 3-5 feet, can not avail to give appellant a part of the land claimed adversely and occupied by appellee for many years preceding the twenty years prior to this action.

Nor is it material that the church authorities may have been mistaken in the beginning when measuring their lot, erecting their church, and building their fence around it. The testimony is that the measurements

were made from an ancient stake, which was believed, at the time, to mark the corner of the church lot according to the original plat of the town. The lines so determined, and recognized for forty years since, can not now be called in question. *Flynn* v. *Glenny*, 51 Mich. 580, and cases there cited; *Brown* v. *Anderson*, 90 Ind. 93; *Wingler* v. *Simpson*, 93 Ind. 201; *Roots* v. *Beck*, 109 Ind. 472.

Whether appellee sued in the proper corporate name is a question not properly raised by the record. For all that appears, the suit was brought by the trustees in the corporate name chosen by the church society, and no question was made of this by either party during the trial. This is all that the statute requires. R. S. 1881, section 3824, and other sections.

Even if it were otherwise, it would now be too late to raise the question. *Heaston* v. *Cincinnati, etc., R. R. Co.*, 16 Ind. 275; *Presbyterian Church, etc.*, v. *Horton*, 50 Ind. 223; *Wiles* v. *Trustees, etc.*, 63 Ind. 206.

We find no available error in the record.

The judgment is affirmed.

Filed Sept. 22, 1893.