## ADAMS v. ANTLES.

[No. 8,381. Filed July 3, 1914. Rehearing denied December 15, 1914. Transfer denied January 20, 1915.]

1. MASTER AND SERVANT.—*Injuries to Servant.*—*Unguarded Machinery.*—*Complaint.*—A complaint for injuries to plaintiff's hand by coming in contact with a heading saw while removing waste material from a chute leading from the saw, alleging that the doing of such work was a part of his duty, that the injury resulted from defendant's negligence to properly guard the saw, etc., sufficiently stated a cause of action under the factory act (§8029 Burns 1914, Acts 1899 p. 231, §9), notwithstanding other allegations consistent with a charge of negligence at common law, but insufficient to constitute a cause of action on that theory. (*Terre Haute, etc., R. Co.* v. *McCorkle* [1895], 140 Ind. 613, distinguished.) pp. 596, 598.

2. APPEAL.—*Harmless Error.*—*Overruling Motion to Separate into Paragraphs.*—The overruling of a motion to separate a complaint into two paragraphs can not constitute reversible error, hence the court on appeal is not required to pass on the merits of such a motion. p. 598.

3. MASTER AND SERVANT.—*Injuries to Servant.*—*Complaint.*—*Theory.*—*Sufficiency.*—*Motion to Separate into Paragraphs.*—A complaint for injuries to a servant, alleging facts bringing the cause within the factory act (§8029 Burns 1914, Acts 1899 p. 231, §9), and also alleging facts consistent with the statement of a cause of action at common law, was insufficient upon the latter theory in the absence of an allegation that plaintiff had no notice or knowledge of the condition relied upon as constituting negligence; hence no harm could result from overruling a motion to separate the complaint into paragraphs. p. 598.

4. MASTER AND SERVANT.—*Injuries to Servant.*—*Unguarded Machinery.*—*Improper Use of Machine.*—*Assumption of Risk.*—*Liability.*—That a servant may be held to have assumed the risk arising from an improper use to which a machine was being put at the time of his injury, does not preclude him from recovering on account of defendant's negligent failure to properly guard the machine, which is sufficiently charged as being the proximate cause of the injury. p. 599.

5. MASTER AND SERVANT.—*Injuries to Servant.*—*Unguarded Machinery.*—*Assumption of Risk.*—The doctrine of assumed risk has no application where the negligence charged consists in a failure to comply with the statutory duty to guard machinery. p. 600.

6. TRIAL.—*Verdict.*—*Answers to Interrogatories.*—Answers to interrogatories showing that the upper part of the saw on which

plaintiff received his injury was guarded and that the frame of the machine partly guarded the lower part, were not sufficient to overcome the verdict for plaintiff, where the negligence charged was a failure to properly guard such saw, since evidence was admissible under the issues to show that the saw might also have been guarded from the lower part of the machine so that the injury would have been avoided. p. 600.

7. TRIAL.—*Verdict.*—*Answers to Interrogatories.*—Answers to interrogatories will not overcome a general verdict when they can be reconciled therewith by evidence admissible under the issues. p. 600.

8. MASTER AND SERVANT.—*Injuries to Servant.*—*Contributory Negligence.*—*Jury Question.*—Where plaintiff was injured by his hand coming in contact with the unguarded portion of a saw while removing waste material from a chute leading therefrom, and at a time when the machine was being put to a use for which it was not intended, the question of whether plaintiff was exercising the care which a person of ordinary prudence would have used, was for the jury. p. 600.

9. TRIAL.—*Jury.*—*Findings.*—*Contributory Negligence.*—The ultimate fact which the jury is required to find in determining the question of contributory negligence is generally one of inference, and it may or may not be inferred from the facts proved in a given case. p. 600.

10. NEGLIGENCE.—*Contributory Negligence.*—*Verdict.*—*Answers to Interrogatories.*—Where the jury found by its general verdict, as a result of inference from facts proved, that plaintiff at the time of his injury was in the exercise of such care as a person of ordinary prudence would have exercised, and the answers to the interrogatories found only a part of the facts on which such inference was based, the court can not say as a matter of law from the facts so found that such inferential fact was unwarranted, since other facts which were not found may have been proved and considered in connection with those found as forming a basis for the inference. p. 600.

11. NEGLIGENCE.— *Contributory Negligence.*— *Trial.*— *Answers to Interrogatories.*—A jury's finding by its general verdict, as the result of inference from facts proved, that plaintiff was in the exercise of such care as a person of ordinary prudence would have exercised, can not be disturbed even though all the facts provable within the issues were found by the answers to the interrogatories, where the facts so found are such that the contrary would be the only reasonable inference to be derived therefrom. p. 601.

12. APPEAL.—*Evidence.*—*Weight and Sufficiency.*—*Credibility of Witnesses.*—The court on appeal can not weigh the evidence or

consider the credibility of the witnesses, so that unless there is a total lack of evidence to sustain a verdict on some essential point, the same can not be disturbed on the ground that it is not supported by the evidence.  p. 601.

From Jay Circuit Court; *James J. Moran*, Judge.

Action by Harry Antles against Silas H. Adams.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Elmer E. Stevenson*, for appellant.
*Jacob F. Denney*, for appellee.

LAIRY, J.—Appellee brought this action and recovered a judgment against appellant on account of injuries sustained by reason of his hand coming in contact with a saw operated in the factory of appellant as a part of a machine used for circling heading and chamfering the edges so as to shape the heading for use.  The parts cut off by the saw in shaping the heading dropped down a chute attached to the machine below the saw to a table and the heading after it was shaped by the saw and chamfering knife was released from the clamp and passed down this chute to the same table.  The parts cut away by the saw in shaping the heading were called, in the parlance of the mill, coonrods, and appellee was employed to remove the heading from the table and also to keep it clear of these coonrods so as to prevent the chute from becoming clogged.

Appellee charges that one of these coonrods became lodged in the chute, and that while he was attempting to remove it with his hand, the saw which was unguarded caught the coonrod and jerked his hand so as to bring it in contact with the saw.  The negligence charged against appellant is a failure to properly guard the saw as required by the factory act.  §8029 Burns 1914, Acts 1899 p. 231, §9.  The complaint contains other allegations to the effect that, on the day of the accident and for several days prior thereto, appellant had been using the machine in the manufacture of heading of a size larger than

it was designed or intended to manufacture, and larger than it was capable of manufacturing in safety, and that by reason of straining the capacity of the machine in this way, the heading and coonrods would stick in the chute and not pass freely down the same on account of the chute not being wide enough to carry the larger sized heading. The allegations with respect to the injury are as follows: "That the negligent placing and operation of said saw within a few inches of plaintiff's hand when at work, without placing guards, screens or protections against such saw, together with the negligent operation of said heading machine by feeding into it larger pieces of heading than it was capable of properly handling, and attempting to slide the same down a chute not wide enough to accommodate the passage of such large pieces of heading and coonrods, thereby causing their lodgment in said chute were each the direct and proximate cause of the injuries suffered by the plaintiff herein as above alleged."

Appellant filed a motion in the trial court for an order requiring appellee to separate his complaint into two paragraphs and to number each paragraph. The grounds of this motion were that two causes of action based upon entirely different theories were embodied in the same paragraph of complaint; that the facts stated under one theory sought to charge appellant with negligence in failing to comply with the factory act, and that the facts stated under the other theory sought to charge negligence at common law in furnishing unsafe machinery or in providing an unsafe place for appellee to work. It is pointed out in the motion that, as to the first charge of negligence, the doctrine of assumption of risk does not apply, but that such doctrine does apply to the other charge of negligence which appellant attempts to make in this paragraph. The action of the court in overruling this motion is presented for review.

We are not required to pass upon the merits of this motion for the reason that both the Supreme Court and this court

have frequently held that such a ruling, even though erroneous, does not constitute reversible error. *Richwine* v. *Presbyterian Church* (1893), 135 Ind. 80, 34 N. E. 737; *Everitt* v. *Bassler* (1900), 25 Ind. App. 303, 57 N. E. 560. It appears clearly in this case that no harm could have resulted to appellant. The facts alleged in the complaint are not sufficient to constitute a cause of action on the theory of common-law negligence for the want of an allegation that appellee had no notice or knowledge of the condition alleged as constituting such negligence. For this reason the complaint could be held sufficient only upon the theory that it charged negligence in failing to discharge the duties imposed by statute. The record also discloses that the trial court, by its instructions, submitted the case to the jury upon this theory and no other. The complaint clearly states facts sufficient to constitute a cause of action, and the court did not err in overruling the demurrer addressed thereto. On behalf of appellant it is contended that the injury to appellee as shown by the complaint was produced by two acts of negligence, operating in combination; that neither operating alone would have produced the result, and that the injury resulted from a combined operation of both negligent causes. Assuming that the complaint proceeds upon this theory, appellant asserts that it can not be held sufficient on such theory unless both charges of negligence are well stated; and that, if the facts stated fail to show actionable negligence in respect to one of the acts or conditions which is alleged to have produced the injury, the complaint must be held insufficient on demurrer even though it appears from the allegations of the complaint that the other acts or conditions which concurred in producing the injury were due to the negligence of the defendant. The case of *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613, 40 N. E. 62, is cited as sustaining this proposition, but it fails to uphold the rule announced. In that case the complaint

charged that a car was defective in two specified particulars and the court held that it proceeded on the theory that the injury to plaintiff was the result of those two defects operating in combination and that neither alone would have produced the injury. It was held that before plaintiff was entitled to recover under such a complaint, he must prove that the car was defective in both particulars described in the complaint, and that he could not recover upon proof of the existence of only one of the defects described; but the case does not decide that the evidence is required to show that both of such defects were due to negligence on the part of the defendant. If the existence of both defects had been shown, and it had appeared from the evidence that one of them which concurred in producing the injury was due to the negligence of the defendant, we apprehend that a recovery would not have been denied, even though it had been admitted that the other defect was due to the negligence of a fellow servant of the person injured. The complaint in this case can not be held insufficient because it fails to allege that plaintiff had no knowledge that the machine described was being used to cut heading which was too large for the capacity of such machine and of the danger occasioned by such use. Even though the want of such averments

4. admits that appellee assumed the risk of any injury resulting from such improper use of the machine, he would not be precluded thereby from recovering on account of the negligent failure of appellant to guard the saw. *Hammond* v. *Kingan & Co.* (1913), 53 Ind. App. 252, 101 N. E. 385.

The jury returned with its general verdict answers to a number of interrogatories. Appellant assigns as error that the trial court erred in overruling his motion for judgment in his favor on the answers to these interrogatories notwithstanding the general verdict. Appellant asserts that the answers to these interrogatories show that he was not negligent in failing to guard the saw, and also show that appel-

lee was guilty of contributory negligence. It is also claimed that these answers show that appellee assumed the risk of injury, but this question we need not consider for it has been held many times that the doctrine of assumption of risk has no application to a case where the negligence charged consists in a failure to comply with the statute requiring machinery to be guarded. *Davis v. Mercer Lumber Co.* (1905), 164 Ind. 413, 73 N. E. 899, and cases cited.

The answers to the interrogatories show that the upper part of the saw was guarded by a hood and that the frame of the machine partly guarded the lower part of the saw, but the evidence may have shown that an additional guard could have been so placed as to completely guard the lower part of the saw without interfering with its operation, and that such a guard would have prevented the injury. Such evidence was admissible within the issues, and it is well settled that answers to interrogatories will not overcome the general verdict when they can be reconciled therewith by evidence admissible within the issues.

The question as to whether appellee used such care as a person of ordinary prudence would have exercised, under the circumstances, was one of fact for the jury, to be determined from all the conditions and circumstances disclosed by the evidence. The ultimate fact which the jury is required to find is generally one of inference, and it may or may not be inferred from the facts proven in a given case. In this case the jury by its general verdict found, as a result of inference, from the facts proved at the trial, that appellee did use such care as a person of ordinary prudence would have exercised. The answers to interrogatories find some of the facts upon which this inference is based, but other facts and conditions not so found may have been proved within the issues, and these may have been consid-

ered in connection with the facts found as forming the basis for the inference. It is manifest, we think, that the court can not declare as a matter of law from the portion of the facts and circumstances so found, that the inferential fact found by the jury in its general verdict, was not one which might be rightly and reasonably inferred from the facts proved at the trial. Even though all of the facts provable within the issues were found by the answers to interrogatories, still the ultimate inferential fact would be one for the determination of the jury, unless the facts so found as a basis for the inference were of such a character that only a single inference could be rightly and reasonably drawn therefrom by any fair and reasonable mind. The answers to the interrogatories are not in irreconcilable conflict with the general verdict on the issue of contributory negligence.

There is evidence in the record from which the jury was justified in finding that the saw could have been guarded underneath by a sheet-iron guard which would have prevented appellee's hand from being drawn into the saw from beneath, and that such a guard would not have interfered with the effective operation of the machine. The evidence upon this question was conflicting but there is some evidence to sustain the verdict in this particular. The facts and circumstances proved as bearing upon the question of contributory negligence were of such a character as to justify the inference by the jury that appellee acted as a person of ordinary prudence would have acted under like circumstances. Under the evidence the case is a very close one, but the trial court has considered this evidence in passing upon the motion for a new trial. The learned judge of the trial court had an opportunity to look into the faces of the witnesses and to judge of their credibility, and he had also a right in passing upon this motion to weigh the evidence. If, after considering the evidence, the trial court had been of the opinion that sub-

stantial justice had not been done it would have undoubtedly granted a new trial. This court can not weigh the evidence or consider the credibility of the witnesses. It can look only to the record and unless there is a total lack of evidence as to some essential fact necessary to uphold the verdict, it can not disturb the verdict on the ground that it is not supported by the evidence.

We find no reversible error and the judgment is affirmed.

Note.—Reported in 105 N. E. 931. As to servant's assumption of risk of master's breach of statutory duty, see 6 L. R. A. (N. S.) 981; 19 L. R. A. (N. S.) 646; 22 L. R. A. (N. S.) 634; 33 L. R. A. (N. S.) 646; 42 L. R. A. (N. S.) 1229; 4 Ann. Cas. 599; 13 Ann. Cas. 36; Ann. Cas. 1913 C 210.