THE  HUNTINGTON  LIGHT  AND  FUEL  COMPANY
*v.* SPELL.

[No. 23,013.  Filed February 2, 1916.  Rehearing denied June 2, 1916.]

1. MASTER AND SERVANT.—*Injury to Employe.—Sufficiency of Complaint.—Negligence.*—In an action for damages for personal injuries where the complaint alleged that defendant called plaintiff from his regular employment as a common laborer and required him to assist in lowering a large pipe from a boiler to the ground, the work being performed under the supervision of defendant's superintendent, who at the time was acting within the scope of his authority and whose directions plaintiff was obliged to follow; that plaintiff was directed to work in a place defendant knew to be unsafe, which unsafe condition could not have been discovered by plaintiff by the use of ordinary care; that the defendant was guilty of negligence in the manner particularly alleged and that the plaintiff was free from fault contributing to his injury, such complaint is sufficient to state a cause of action for negligence.  p. 32.

2. APPEAL.—*Harmless Error.—Complaint.—Overruling Motion to Separate into Paragraphs.*—There was no reversible error in overruling a motion to separate the complaint into paragraphs.  p. 32.

3. TRIAL.—*Verdict.—Answers to Interrogatories.—Control of Verdict.*—The general verdict will be sustained unless the answers to interrogatories are in irreconcilable conflict therewith.  p. 32.

4. TRIAL.—*Negligence.—Instructions.—Cure by Other Instructions.*—An instruction that negligence consists in doing a thing that a reasonably prudent man would not do or in failing to do what a reasonably prudent man would do when required to act, while not a complete and comprehensive definition of negligence, is not objectionable as confining negligence to such acts only as are performed when the person charged with the same is required to act, and excusing him from negligence when his acts are voluntary, and such instruction could not have misled the jury to defendant's harm, as the court fully instructed the jury as to what would constitute negligence and contributory negligence under the facts in the case.  p. 33.

5. DAMAGES.—*Excessive Damages.*—Damages are not deemed excessive unless at first blush they appear to be so, or it is apparent that some improper element was taken into account by the jury in determining the amount.  p. 33.

From Wells Circuit Court; *Henry J. Paulus,* Special Judge.

Action by Glendon S. Spell against the Hunting-

ton Light and Fuel Company. From a judgment for plaintiff, the defendant appeals. (Transferred from Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*Lesh & Lesh* and *Simmons & Dailey*, for appellant.

*Wilbur E. Branyan, W. A. Branyan, Eichhorn & Vaughn* and *John A. Hindman*, for appellee.

ERWIN, J.—This was an action for damages for personal injuries sustained by appellee while in the employ of appellant. There was a trial by jury with verdict and judgment for $2,500.

Appellant presents for our consideration: (1) The sufficiency of the complaint; (2) the refusal of the court to separate the complaint into separate paragraphs on motion of appellant; (3) the overruling of the motion for judgment on the interrogatories and answers thereto; (4) the overruling of the motion for a new trial.

The complaint alleges that appellee was in the employment of appellant as a common laborer; that he was called from his regular employment and required to assist in the work in which he was injured; that appellant was negligent in directing appellee to work in a place which was unsafe, setting out wherein it was unsafe; that appellant knew it was unsafe; that appellee did not know of its unsafe condition, and by ordinary care could not have known it was unsafe; that the work consisted in lowering a large pipe weighing about five hundred pounds from its position above the boilers in appellant's gas plant to the ground below; that the work of lowering said pipe was under the direct supervision of the superintendent of appellant's gas plant, who had power to direct the work aforesaid, and that appellee was required to follow

directions of said superintendent as aforesaid. Then follow averments of specific negligence on the part of appellant; that appellee was without fault and free from negligence at the time; and the resulting injury to appellee. We are of the opinion that the complaint states facts which show such a relationship of the parties so that the law imposed a duty upon appellant toward appellee and a failure to perform that duty, which resulted in injury to appellee, without negligence on the part of appellee contributing to the injury; and it contained also the necessary averments as to venue, and the nature and extent of the injury sustained. This is sufficient to state a cause of action for negligence and the court did not err in overruling the demurrer. *Domestic Block Coal Co.* v. *De-Armey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99. There was no error in overruling the motion to separate the complaint into paragraphs. *Adams* v. *Antles* (1914), 57 Ind. App. 594, 597, 105 N. E. 931.

The answers to interrogatories returned by the jury are not in irreconcilable conflict with the general verdict; in fact, in some particulars the answers sustain the general verdict. Unless the answers to the interrogatories are in irreconcilable conflict with the general verdict, the verdict must stand. *Schilling* v. *Indianapolis, etc., Traction Co.* (1912), 51 Ind. App. 131, 145, 96 N. E. 167.

In the motion for a new trial, appellant challenges as error the giving of each of the instructions given by the court, and the refusal to give certain instructions tendered by appellant. However, it does not insist that all instructions given were erroneous, or that all that were refused were improperly refused. The principal attack is made

upon instruction No. 13 tendered by appellee. This instruction is as follows: "Negligence consists in the doing a thing that a reasonable prudent man would not do or in failing to do what a reasonable prudent man would do when required to act." The objection to this instruction is that it confines negligence to such acts only as are performed when the person charged with the same is *required to act*, and excuses him from negligence when his acts are voluntary. While this may not be a complete and comprehensive definition of negligence,

4. we are not inclined to believe that anything contained therein could have misled the jury to appellant's harm. In addition to this definition of negligence, the court fully instructed the jury as to what would constitute negligence under the facts shown in that particular case, and what would constitute contributory negligence on the part of appellee, confining its instructions to the issues and evidence in the case.

Damages are not deemed excessive unless at first blush they appear to be so, or it is apparent that some improper element was taken into

5. account by the jury in determining the amount. *City of Indianapolis* v. *Stokes* (1914), 182 Ind. 31, and cases cited on page 35, 105 N. E. 477.

No reversible error having been presented, the judgment is affirmed.

NOTE.—Reported in 111 N. E. 311. Sufficiency of general allegations of negligence in action for personal injuries, note 59 L. R. A. 210; 26 Cyc 1384, 1386. Excessive verdict, what constitutes, 16 Ann. Cas. 8; Ann. Cas. 1913A 1361; 13 Cyc 121.