BROWN v. GUYER.

[No. 9,177. Filed April 24, 1917.]

1. APPEAL.—*Harmless Error.—Overruling Motion to Separate Complaint into Paragraphs.*—Generally, no available error results from overruling a motion to separate a complaint into paragraphs. p. 359.

2. APPEAL.—*Harmless Error.—Complaint Demurrable as to One Count.—Overruling Motion to Separate.*—Where a complaint in one paragraph sought recovery for services rendered and on an oral contract for the sale of goods and merchandise for an amount in excess of $50, the fact that defendant's right under the statute of frauds (§7469 Burns 1914, §4910 R. S. 1881) to demur to the count based on the verbal contract was

cut off by the overruling of a motion to separate the complaint into paragraphs was not prejudicial to defendant, who could have filed an affirmative answer setting up the facts relied on to bring the contract count within the statute, and did tender an instruction giving him the full benefit of such statute. p. 359.

3. APPEAL.—Waiver.—Briefs.—Review of grounds for a new trial are waived by failure to refer to them in the points and authorities in appellant's briefs. p. 360.

4. APPEAL.—Presenting Questions for Review.—Grounds for New Trial.—Error in Amount of Recovery.—Although excessive damages are a proper ground for a motion for a new trial in actions sounding in tort, in actions based on contract error in the assessment of the amount of the recovery must be presented by substantially following the language of §585, cl. 5, Burns 1914, §559 R. S. 1881, relating to causes for a new trial. p. 360.

5. APPEAL.—Presenting Questions for Review.—Instructions.—Questions relating to the giving or refusal of instructions, to be available on appeal, must be saved and presented in one of the ways provided by the statute. p. 360.

6. APPEAL.—Scope of Review.—Instructions.—Record.—Sufficiency.—Statute.—Marginal notes required by the rules of the Appellate Court to be placed on the transcript cannot be made to supply the identification of the instructions given and refused, which §561 Burns 1914, Acts 1907 p. 652, requires to be shown by the record made in the trial court, so that where the record fails to indicate which of the instructions were given and which were refused, except that the words "Given" and "Refused" were written in red ink on the margin of the transcript opposite the instructions, no question as to giving or refusing them is properly presented for review. p. 361.

From Marshall Circuit Court; Smith N. Stevens, Judge.

Action by David Guyer against Moses Brown. From a judgment for plaintiff, the defendant appeals. Affirmed.

L. M. Lauer and Harley A. Logan, for appellant.

Hess & Hess, Hayes & Hayes and Stuart MacKibbin, for appellee.

HOTTEL, J.—Appellee filed in the Marshall Circuit Court a complaint in one paragraph in which he alleges

that appellant "is indebted to him the said plaintiff in the sum of two hundred forty-two 96/100 dollars, in this to.wit: That on the 6th day of October, 1912, the * * * defendant purchased of the * * * plaintiff certain goods, wares and merchandise at and for the price above mentioned and * * * plaintiff delivered to the defendant the goods so purchased and rendered certain services for * * * defendant at his request, an itemized bill of particulars being hereto attached * * * marked exhibit 'A' "; and that said amount is due, etc.

Exhibit A, made a part of said complaint, is as follows:

> "Bremen, Indiana, April 26th, 1913.
> "Moses Brown to David Guyer, Dr.
> Oct. 26, 1912. To 728 bushels of onions
>          at 32c. ...............$232.96
> April 23,1913. To screening and delivering
>          at Bremen onions bot. of
>          Shiveley. ............. 10.00
>
>                Total Due ........$242.96"

Appellant filed a written motion to separate the complaint into paragraphs for reasons stated therein as follows: "The defendant has a distinct and separate defense to each of the items comprising the account set out in the exhibit, * * * the transactions * * * have no connection, and the defendant is deprived * * * of raising the questions constituting his defense to them separately * * *."

The appellant filed an answer in general denial and a counterclaim. No evidence was offered upon the counterclaim, and hence the issues tendered by it need not be indicated.

A trial by jury resulted in a verdict for appellee for the amount of his claim. A motion for new trial was

overruled. From the judgment rendered on the ver-
dict appellant appeals and relies for reversal on the ac-
tion of the trial court in overruling each of the motions
indicated, they being assigned as error in this
1. court. Appellant concedes, in effect, and prop-
erly so, that, generally speaking, no available
error results from overruling a motion to separate a
complaint into paragraphs. *Richwine* v. *Presbyterian
Church* (1893), 135 Ind. 80, 34 N. E. 737; *Shaw* v.
*Ayers* (1897),. 17 Ind. App. 614, 618, 47 N. E. 235;
*Wabash, etc., R. Co.* v. *Rooker* (1883), 90 Ind. 581;
*Mansfield* v. *Shipp* (1891), 128 Ind. 55, 27 N. E. 427;
*Smiley* v. *Deweese* (1890), 1 Ind. App. 211, 27 N. E.
505; *Pierce* v. *Walton* (1897), 20 Ind. App. 66, 80, 50
N. E. 309; *Adams* v. *Antles* (1914), 57 Ind. App. 594,
105 N. E. 931; *Huntington Light Co.* v. *Spell* (1916),
185 Ind. 30, 111 N. E. 311; *Sheetz* v. *Longlois* (1880),
69 Ind. 491.

It is insisted, however, that it appears upon the face
of the complaint here involved that the sale of the goods
and merchandise for which appellee sought re-
2. covery was for an amount in excess of $50; that
such contract of sale was not in writing and that
there was no averment that the goods or any part of
them had been accepted by appellant. and no averment
of any payment thereon, and hence, that a separate
paragraph of complaint based on this item would have
been subject to demurrer because it involved a verbal
contract for a sale of goods for the price of $50 and
more, and was within the statute of frauds, §7469
Burns 1914, §4910 R. S. 1881; that the other item of
the exhibit and the averments of the complaint relating
thereto made such complaint good as against demurrer,
and hence that the ruling on said motion prevented ap-
pellant from being able to obtain the advantage of a
ruling on a demurrer to such separate cause of action

attempted to be stated in the complaint, and that, for this reason, such ruling was prejudicial and harmful. Appellant has cited no case that would take the instant case out of the general rule above indicated.

By such ruling appellant was in no event deprived of any substantial right. He could have filed an affirmative partial answer as to that part of the complaint predicated on the merchandise alleged to have been sold and delivered to him, in which answer he could have set up the facts upon which he relied to bring that part of the indebtedness sued on within the statute of frauds. He could also, and in fact did in this case, tender an instruction which gave him the full benefit of such statute.

Appellant's motion for new trial contains several grounds, but most of them have been waived by a failure to present or refer to them in his "Points and Authorities." Among those presented is the fourth ground of said motion, which is in the following words: "The damages assessed by the jury are excessive." This is a proper ground of a motion for new trial in actions based on tort—*Conner* v. *Andrews- Land, etc., Co.* (1903), 162 Ind. 338, 70 N. E. 376; *McKinney* v. *State, ex rel.* (1889), 117 Ind. 26, 19 N. E. 613; *City of Indianapolis* v. *Woessner* (1913), 54 Ind. App. 552, 103 N. E. 368— but in actions based on contract, "error in the assessment of the amount of the recovery" must be presented by substantially following the language of the fifth clause of §585 Burns 1914, §559 R. S. 1881. *City of Indianapolis* v. *Woessner, supra; State Exchange Bank* v. *Paul* (1914), 58 Ind. App. 487, 108 N. E. 532.

Certain instructions given by the trial court are challenged by said motion for new trial and attempted to be presented in appellant's points and authorities. Questions relating to the action of the trial court in giving or refusing to give instructions, to be

available on appeal, must be saved and presented in one of the ways provided by the statute. *Stimson* v. *Krueger* (1916), 63 Ind. App. 567, 114 N. E. 885, and cases cited. The procedure followed in this case was unusual and irregular. It seems, however, from the record, that an effort was made to follow §561 Burns 1914, Acts 1907 p. 652. The record discloses that at the close of the appellee's evidence the appellant tendered an instruction, the effect of which was to tell the jury that, for reasons therein indicated, it should disregard the allegations of the complaint relating to the charge therein made against appellant for goods, wares and merchandise. This instruction was refused, to which ruling of the court the appellant excepted, and then declined to offer any evidence.

The record then shows that argument of counsel was heard, and after hearing instructions, the jury retired, etc., and that "the instructions given on motion of the court, and the instructions tendered by the defendant given and refused, and the instructions tendered by the plaintiff given and refused are filed and made part of the record in this cause and are in these words:" Then follows instructions, each of which is preceded with its number, viz.: "1," "2," and "3," respectively, each number being followed with the words "given on motion of the court." Immediately following these three instructions appears what purports to be instructions asked by the appellee, signed by his attorneys, and designated as "first" and "second." There is nothing to indicate whether these instructions were given or refused, except the words "Given" and "Refused" in red ink on the margin of the transcript filed in this court, which indicates that the first was given and the second refused. These are followed by "No. 4 given on motion of court," and "No. 5 given on motion of court." Then follows defendant's request for in-

structions numbered from 1 to 3, inclusive, and they are set out with nothing to indicate whether they were given or refused, except a marginal note on the transcript as above indicated, showing the first two "given" and showing nothing as to "No. 3." Then follows the title of the cause and another instruction signed by appellant's attorneys. The transcript in this court shows marginal notes at the side of this instruction as follows: In black ink, are the words, "Presented after argument," and in red ink, the word "Refused". This instruction is followed by instructions respectively designated as "No. 3," "No. 4," "No. 5," the number in each case being followed by the words, "tendered by plaintiff given," after which follows "No. 6" and "No. 7" each number being followed by the words, "Given by the court."

The record wholly fails to identify the instructions given and refused in the manner required by §561, Burns 1914, *supra.* The marginal notes required by the rules of this court to be placed on the transcript cannot be made to supply the identification of the instructions given and refused, which the said section of the statute requires to be shown by the record made in the trial court. It is apparent that the record indicated fails to show a compliance with either of the modes provided by statute for the saving of error in the giving or refusal to give instructions. We might add, however, that our examination of the instructions convinces us that those indicated in the manner, *supra,* as given were applicable to the issues and the evidence, and that they were as favorable to appellant as the law governing the case would warrant.

Finding no reversible error in the record, the judgment below is affirmed.

NOTE.—Reported in 115 N. E. 947.