## BALDWIN PIANO COMPANY *v.* ALLEN.

[No. 23,099. Filed January 10, 1918. Rehearing denied April 5, 1918.]

1. PLEADING.—*Separate Acts of Negligence.*—*Uniting in One Paragraph.*—In an employe's action for injuries, a paragraph of complaint is not objectionable that sets forth several acts of negligence, which are alleged to have united in causing the injuries, where it alleged but one cause of action. p. 318.

2. APPEAL.—*Harmless Error.*—*Motion to Separate Causes.*—*Ruling.*—The overruling of a motion to separate a complaint into paragraphs is not reversible error. p. 319.

3. MASTER AND SERVANT.—*Actions for Injuries.*—*Instructions.*—*Assumption of Risk.*—In an employe's action for injuries caused by the breaking of one of the steering knuckles of an automobile truck, where one paragraph of the complaint alleged that the driving of the truck at an excessive speed over rough and uneven streets greatly increased the tension on the weak and insufficient steering knuckle and finally caused it to break, an instruction that, if at the time of the injury

the truck was being driven at a speed greater than is allowed by law, the plaintiff should not be held to have assumed the risk of any injury occasioned by such unlawful operation, was proper under the issues, since the unlawful operation, under the averments, was a contributing cause. p. 319.

4. NEGLIGENCE.—*Proximate Cause.*—*Violation of Statute or Ordinance.*—The violation of a penal statute or ordinance raises no liability for an injury which another may have suffered, unless the injury was in some material degree the result of such violation. p. 320.

5. TRIAL. — *Instructions.* — *Application to Issues.* — In an employe's action for injuries received while at work on an automobile truck, an objection that certain instructions given by the court on the plaintiff's request applied only to the second paragraph of complaint, but that one of the instructions given by the court on its own motion made the instructions given on request applicable to both paragraphs, is of no avail on appeal, where the two paragraphs of complaint were substantially identical except that the second paragraph alleged the violation of a speed statute as an additional contributing cause, it further appearing that the application of the instructions on this additional element were apparent and that the instruction given by the court on its own motion referred only to a series of general instructions given which, as the jury was told, were applicable to each paragraph of the complaint. p. 320.

6. MASTER AND SERVANT. — *Actions for Injuries.* — *Evidence.* — *Other Accidents.*—In an employe's action for injuries caused by the breaking of one of the steering knuckles of an automobile truck, where the complaint proceeded on the theory that the appellant was negligent in the continued use of the truck under conditions that placed a greater strain on each of the steering knuckles than they were designed to meet, thus rendering the truck unsafe, evidence of the breaking on other occasions of a part of one or the other of the steering knuckles at a time when the truck was being used, as at the time of the accident, in the delivery of merchandise from the defendant's store, was admissible as tending to show notice to the defendant that the truck was not of sufficient construction to meet the strain to which it was subjected, though not confined to the breaking of the particular part in question. p. 321.

7. DAMAGES.—*Excessive.*—*Loss of Leg.*—Where an employe received a badly broken leg that necessitated two operations and its final amputation above the knee, and necessitated the confinement of the employe in a hospital for seven months, and causing him great physical suffering and a permanent injury to his health, and greatly diminishing his earning capacity,

a verdict for $8,000 did not indicate that the jury acted from prejudice, partiality or corruption, since the amount of damages, under such circumstances, is not susceptible of exact computation. p. 322.

From the Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by Moses Allen against the Baldwin Piano Company. From a judgment for the plaintiff, the defendant appeals. *Affirmed.*

*Henley, Fenton & Joseph,* and *Omer U. Newman,* for appellant.

*S. A. Clinehens, Meade Vestal, George Shirts* and *Charles E. Cox,* for appellee.

SPENCER, C. J.—Appeal from a judgment for $8,000 recovered by appellee on account of personal injuries which he sustained while in the employ of appellant. The complaint is in two paragraphs and, although no question is presented as to the sufficiency of either, a brief statement of the substance of each will serve better to indicate the issues of law which we are required to determine.

The first paragraph of complaint alleges that on the day of his injury appellee was at work on a certain automobile truck owned by appellant, and then used by it in the transportation of pianos, and other articles of merchandise, to various places in the city of Indianapolis; that the duties of appellee's employment required him to ride on said truck in making deliveries to and from appellant's store and to assist in the loading and unloading of pianos and other articles which it handled; that on the occasion of the accident which resulted in his injury, said truck, with appellee riding thereon, was being driven by another of appellant's employes over and along one of the public streets in said city, when one of the steering knuckles broke and one of the front wheels came off, thus causing the body of

the machine to drop to the pavement and throw appellee from the truck to his resulting injury. It is further alleged that the steering knuckle and axle which broke was not made of material of sufficient weight and strength to sustain the continual jar to which it was subjected under appellant's use of the truck, and that. its breaking was due to a crystallization of the metal under that strain. Negligence is charged in appellant's use of the truck for the purpose indicated with knowledge of its insufficient and faulty construction and of the dangers attendant on its use in that condition.

The second paragraph of complaint repeats in substance, though in somewhat greater detail, the allegations of the first, and charges further that appellant had actual knowledge of the insufficiency of the steering knuckles and axles on the particular truck in question on account of their breaking under similar conditions on other occasions prior to the injury of appellee. It is alleged also that appellant's agent and servant in charge of said truck frequently drove the same at a high and dangerous rate of speed over streets that were rough and uneven, and over chuckholes and other depressions in said streets, thus increasing the strain and tension to which the weak and insufficient parts of the truck were subjected, all to the knowledge of appellant, and that on the occasion in question said servant was driving the truck over a public street at the negligent, dangerous and unlawful speed of twenty-five miles per hour, thereby greatly increasing the strain on the steering knuckles on appellant's truck and causing one of the same, in its weakened and insufficient condition, to break, with resulting injury to appellee.

The first assignment is that the trial court erred in overruling appellant's motion to separate the several causes of action contained in appellee's second para-

graph of complaint, but counsel have carefully avoided any attempt to point out the various causes of action which, it is claimed, are there stated, and we are unable to discover them. It is true that different acts of negligence, which are alleged to have united in causing the injury complained of, are set forth in the one paragraph, but there is no objection to that form of pleading. *Wabash R. Co.* v. *McDoniels* (1914), 183 Ind. 104, 109, 107 N. E. 291; *Chicago, etc., R. Co.* v. *Barnes* (1904), 164 Ind. 143, 149, 73 N. E. 91; *Pittsburgh, etc., R. Co.* v. *German Ins. Co.* (1909), 44 Ind. App. 268, 271, 87 N. E. 995. Furthermore, the overruling of a motion to separate a complaint into paragraphs is not reversible error. *Huntington Light, etc., Co.* v. *Spell* (1916), 185 Ind. 30, 32, 107 N. E. 741, 111 N. E. 311; *Richwine* v. *Presbyterian Church* (1893), 135 Ind. 80, 85, 34 N. E. 737; *Adams* v. *Antles* (1914), 57 Ind. App. 594, 598, 105 N. E. 931.

In support of its assignment that a new trial should have been granted by the circuit court, appellant earnestly contends that instruction No. 8, given at the request of appellee, is erroneous. This instruction told the jury, in effect, that if, at the time of the accident in question, appellant's motor truck was being driven at a rate of speed greater than is allowed by law, appellee should not be held to have assumed the risk of any injury occasioned by such unlawful operation. No objection is urged against this instruction as an abstract statement of law, and we are not required, therefore, to pass on its sufficiency in that particular, but the contention is made that neither paragraph of complaint shows that appellee's injury was proximately caused by the violation, if any, of the statute against fast driving, and that the instruction was, therefore, outside the issues and harmful. There can be no doubt that the violation of a penal statute or ordinance raises

no liability for an injury which another may have suffered, unless the injury was in some material degree the result of such violation. *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 601, 106 N. E. 365, Ann. Cas. 1917A 474; *Inland Steel Co.* v. *Yedinak* (1909), 172 Ind. 423, 428, 87 N. E. 229, 139 Am. St. 389. In this case, however, the second paragraph of complaint unquestionably alleges a causal connection between the unlawful operation of appellant's truck and appellee's injury. It is there charged that the driving of the machine at an excessive speed over rough and uneven streets greatly increased the tension on the weak and insufficient steering knuckle, and finally caused it to break. Under these averments, the operation of the machine was as clearly a contributing factor in the accident which followed as was the light construction of the broken parts. The instruction was proper under the issues. *Fox* v. *Barekman* (1912), 178 Ind. 572, 577, 99 N. E. 989.

A further objection is made that this instruction, and instructions Nos. 10 and 17, also given at appellee's request, were applicable, if at all, only to the issues presented by the second paragraph of complaint, but that under the court's instruction No. 7 they were directed to the first paragraph as well. There is no merit in the latter contention. The issues presented by the two paragraphs of complaint are substantially identical except in so far as the second paragraph is based on an alleged violation of the speed statute, and the application of the instructions which touch that issue is apparent, particularly in view of other instructions given. Instruction No. 7 clearly refers only to a series of general instructions given by the court on its own motion which are, as the jury was informed, applicable to each paragraph of the complaint.

Objection is next urged against the admission of evi-

dence relative to the breaking, on prior occasions and at different places in the city, of parts of the automobile truck in question other than the part which broke at the time appellee was injured. Appellant concedes that evidence of prior accidents is admissible, under proper circumstances, to charge a defendant with notice of unsafe conditions (*City of Goshen* v. *England* [1889], 119 Ind. 368, 375, 21 N. E. 977, 5 L. R. A. 253), but asserts that in the present case evidence admissible under that rule must have been confined to the breaking of the particular part in question, and that the prior accident should have been shown to have occurred under the same or similar circumstances. It is to be noted, however, that the complaint proceeds, in part, on the theory that appellant was negligent in its continued use of the truck under conditions which placed a greater strain on each of the steering knuckles than they were designed to meet, and which thus rendered such use of the truck unsafe. The evidence to which objection is urged has reference in each instance to the breaking of a part of one steering knuckle or the other on the particular truck in question, and at a time when the machine was being used, as in this instance, in the delivery of merchandise from appellant's store to some place in the city of Indianapolis. The application of the rule of evidence which renders such testimony admissible for any purpose is necessarily affected somewhat by the particular conditions in issue, and under the circumstances here presented we think it clear that the evidence to which objection is urged was properly received as tending to show notice to appellant that its truck was not of sufficient construction to meet the strain to which it was subjected.

Complaint is made of the amount of the recovery. Appellee received a badly broken right leg, which neces-

sitated two operations and its final amputation above the knee, thus crippling him for life. He was confined in a hospital for seven months, and his physical suffering as a result of his injury was severe. His earning capacity is greatly diminished and his health permanently affected. The amount of damages to be awarded under such circumstances is not susceptible of exact computation, and we see nothing in the record to indicate that the jury acted out of prejudice, partiality, or corruption. *Jeffersonville Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 311, 102 N. E. 21; *Cleveland, etc., R. Co.* v. *Hadley* (1907), 170 Ind. 204, 215, 82 N. E. 1025, 84 N. E. 13, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1; *Eichhorn* v. *Central R., etc.* (1911), 185 Fed. 624, 634; *McCoy* v. *New York Central, etc., R. Co.* (1907), 119 App. Div. (N. Y.) 531, 535, 103 N. Y. Supp. 1083; *Anderson* v. *Foley Bros.* (1910), 110 Minn. 151, 156, 124 N. W. 987.

Finally, it is contended that the evidence is insufficient to sustain the verdict on the issue of negligence, but, under the record, that contention involves an issue of fact which we cannot determine. *Portland, etc., Mach. Co.* v. *Gibson* (1915), 184 Ind. 342, 346, 111 N. E. 184; *Nordyke & Marmon Co.* v. *Whitehead* (1914), 183 Ind. 7, 12, 106 N. E. 867.

Our consideration of the case on its merits renders unnecessary a particular reference to certain preliminary questions of appellate practice which are suggested by either party.

No error appearing, the judgment is affirmed.

Lairy and Myers, JJ., dissent.

NOTE.—Reported in 118 N. E. 305. Violation of statute or ordinance as actionable negligence, 9 Ann. Cas. 427, Ann. Cas. 1912D 1106. Excessiveness of verdicts in actions for personal injuries other than death, 16 Ann. Cas. 8, Ann. Cas. 1913A 1361, specifically as to loss of leg, L. R. A. 1915F 308. See under (7) 17 C. J. 1109.